David T. Barton (Utah Bar No. 6176)
Benjamin J. Naylor (admitted *pro hac vice*)
**BURNSBARTON PLC**
2201 E. Camelback Rd., Suite 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602.428.7012
david@burnsbarton.com
ben@burnsbarton.com

Thomas D. Walk (Utah Bar No. A5555)
**KIRTON MCCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: 801.328.3600
Fax: 801.321.4893a
twalk@kmclaw.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Ademola Adetula;<br>Homer Strickland;<br><br>               Plaintiffs,<br>v.<br><br>United Parcel Service, Inc.; United<br>Parcel Service General Services Co.;<br>Does 1 through 50, inclusive.,<br><br>               Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF ADETULA'S SHORT FORM EXPEDITED DISCOVERY MOTION (AMENDED)**<br><br>Case No.  2:18-cv-00612-JNP-BCW<br><br>Honorable Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells |

Defendants United Parcel Service, Inc. and United Parcel Service General

Services Co. (together, "UPS") hereby respond to Plaintiff Adetula's Short Form

Expedited Discovery Motion (the "Motion").

To begin, the Motion should never have been filed.  The parties are capable of (and, indeed, were in the process of) resolving their discovery disputes on their own, without the need for Court involvement.  Plaintiff first raised his discovery concerns in a February 4, 2019 letter, which challenged UPS's responses to *every single one* of his discovery requests (19 requests for production and 7 interrogatories).  UPS responded on February 8th assuring Plaintiff that it would respond as soon as possible and was looking forward to resolving his concerns. (Exhibit A).  UPS followed up on February 24th to assure Plaintiff that the company was working on a response to his voluminous discovery concerns and would be ready to meet and confer "soon."  (Exh. A).  Plaintiff never indicated any urgency or dissatisfaction with UPS's responses.[1]  Indeed, Plaintiff's counsel never wrote back to UPS or picked up the phone to call UPS's counsel to discuss the matter.  Instead – to the undersigned's great surprise – Plaintiff filed the instant Motion, thus requiring the Court to resolve discovery disputes that can, and should, be resolved by the parties on their own.

Next, the Motion contains several objectively false statements designed to make it appear as though UPS has abused the rules of discovery.  For instance, the Motion claims "UPS did not respond" to Plaintiff's discovery requests.  This is clearly false, as Exhibits 1-3 to the Motion contain UPS's lengthy discovery responses.  Additionally, Plaintiff claims "[a]ll objections have been waived by UPS," which is false because UPS asserted individual, substantive objections to every discovery request that was objectionable.  Finally, the Motion suggests that

---

[1] Ironically, in the same correspondence Plaintiff himself requested a nearly 3-week extension of time to respond to UPS's discovery requests (which the company granted).  (Exh. A).

UPS provided no substantive information in its discovery responses.  In reality, UPS produced over 1,000 responsive documents to Plaintiff's requests.

Last, UPS requests a hearing or additional briefing to address the sufficiency of its objections and responses to Plaintiff's discovery.  Plaintiff's discovery requests are objectionable on numerous grounds and UPS should not be required to produce additional information.  For example, in Request No. 2, Plaintiff demands "all employee handbooks, employee manuals, manager manuals, benefit handbooks, policies, policy guide, procedures…of Defendants, covering all periods from 1983 through present."  Plaintiff Adetula did not even start working for UPS until 1995, so documents dating back to 1983 are not relevant or proportional to the needs of the case.  Similarly, in Request No. 3, Plaintiff demands the "employee ID, gender, race, ethnicity, age, date hired, date terminated, highest rank attained, number of promotions, promotion dates, etc" of every management employee who has ever worked in Salt Lake City since 1983.  This information – and much of the other information sought in Plaintiff's discovery requests – is not relevant or proportional to the needs of this case.

RESPECTFULLY SUBMITTED this 11th day of March 2019.

BURNSBARTON PLC

By   /s/ Benjamin J. Naylor
David T. Barton
Benjamin J. Naylor
*Attorneys for Defendant*

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, a true and correct copy of **DEFENDANT'S RESPONSE TO PLAINTIFF ADETULA'S SHORT FORM EXPEDITED DISCOVERY MOTION (AMENDED)** was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Randy M. Andrus
ANDRUS LAW FIRM, LLC
Wells Fargo Center
299 South Main Street, Suite 1300
Salt Lake City, UT 84111-2241
randy@andrusfirm.com
*Attorney for Plaintiff*


*/s/ Carolyn Galbreath*