David T. Barton (Utah Bar No. 6176)
Benjamin J. Naylor (admitted *pro hac vice*)
**BURNSBARTON PLC**
2201 E. Camelback Rd., Suite 360
Phoenix, AZ 85016
Main: 602.753.4500
Fax: 602.428.7012
david@burnsbarton.com
ben@burnsbarton.com

Thomas D. Walk (Utah Bar No. A5555)
**KIRTON MCCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: 801.328.3600
Fax: 801.321.4893
twalk@kmclaw.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Ademola Adetula;<br>Homer Strickland;<br><br>                     Plaintiffs,<br>v.<br><br>United Parcel Service, Inc.; United Parcel Service General Services Co.; Does 1 through 50, inclusive.,<br><br>                     Defendants. | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Case No.  2:18-cv-00612-HCN-PMW<br><br>District Judge Howard C. Nielson Jr.<br><br>Chief Magistrate Judge Paul M. Warner |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule of Practice 26-2(b) of the Rules of Practice of Civil Procedure for the U.S. District Court for the District of Utah, Defendants United Parcel Service, Inc. ("UPS") and United Parcel Service General Services Co. (collectively, "Defendants")

respectfully move this Court for an order precluding Plaintiffs Ademola Adetula and Homer Strickland ("Plaintiffs") from deposing five of UPS's highest-ranking executives to protect these executives from annoyance, oppression, and undue burden and expense.[1] The five individuals include: (1) UPS Chief Executive Officer and Chairman of the Board, David Abney; (2) UPS Vice President of Human Capital, Joe Doole; (3) (retired) Vice President of Operations for UPS Global Business Services Elias Hakim; (4) UPS Vice President of Human Resources, Global Talent Strategy Justine Turpin; and (5) UPS Chief Diversity & Inclusion Officer Eduardo Martinez. None of these individuals live or work in Utah.

## I.   FACTUAL BACKGROUND

Plaintiffs in this case contend that they, as African American employees of UPS in Utah, cannot get promoted above the supervisor positions they currently hold. As stated by Plaintiff Adetula during his deposition:

> A. My claim is that there has been discrimination of African Americans in the Utah area; and yeah, we were excluded from career development opportunities beyond the entry level supervisor position.

Adetula Deposition at 75:13-17 (Excerpts attached as **Exhibit A**)

Plaintiff Strickland similarly limited his claim to African Americans in Utah:

---

[1] Pursuant to Rule 26(c), Defendants certify that the Parties met and conferred telephonically in good faith regarding Defendants' objections to these notices of deposition today, Wednesday July 24, 2019, at 12:00 p.m. MDT, in an effort to resolve this dispute short of court involvement. The meet and confer was not successful in resolving this dispute.

> Q. Okay. Do you believe UPS discriminates against all African Americans, or do you believe UPS in this lawsuit has discriminated against Utah-based African Americans?
> A. Say the question one more time.
> MR. NAYLOR: Would you please read it back.
> (Record read.)
> THE WITNESS: Utah-based African Americans.
> Q. And that is the protected class that you and Mr. Adetula are suing on behalf of, correct?
> A. Yes.

Strickland Deposition at 29:23-30:9 (Excerpts attached as **Exhibit B**)

On May 25, 2019, Plaintiffs' counsel asked Defendants for dates in June for the depositions of David Abney, Elias Hakim, and Carol Brolley (retired UPS President of Operations of Global Business Services). UPS objected and the parties met and conferred on June 4 and 10, 2019. As a compromise, Defendants agreed to produce Brolley for her deposition as well as a declaration from Hakim showing that Hakim has no personal knowledge of the claims and defenses in this case (discussed in greater detail below). As a result, Plaintiffs' counsel agreed to refrain from deposing Abney or Hakim unless his deposition of Brolley revealed that Hakim and Abney had unique personal knowledge of facts related to this case.

On July 18, 2019, Plaintiffs' counsel deposed Brolley.[2] Brolley testified that she made the decision to move Thaddeaus Lounds and Deidre Lewis to Salt Lake City (a decision Plaintiffs claim was discriminatory). She also testified that Hakim, who was her direct report and worked in Atlanta, was not directly involved with Plaintiffs but kept her updated on the status of things in Utah (one of many regions in the country Hakim oversaw). Hakim, Brolley testified, would not have know about Plaintiffs or their performance except through the review of

---

[2] Brolley's deposition transcript is not yet available. The representations made here are based upon the recollection of undersigned counsel who was present.

performance evaluations and reports prepared by local management in Utah. Critically, Brolley also testified that Abney was not at all involved in any decisions related to the Plaintiffs in Utah.

On July 19, 2019 Plaintiff's counsel noticed *ten additional depositions* to take place during the last several days of the discovery period.³ *See* Plaintiffs' Notices of Deposition, attached as **Exhibit C and D**. These notices were deficient because at no time prior to serving them did counsel make any effort to consult with UPS concerning the availability of counsel or these ten witnesses. *See*, Utah Standards of Professionalism and Civility, Standard 15.
https://www.utcourts.gov/courts/sup/civility.htm

Despite this failure, UPS has agreed to allow Plaintiffs to depose the local managers and individuals who may have information related to Plaintiffs including Kate Hegidio, Bruce Heckler, Thaddaeus Lounds, Brian Doherty and Jeff Lynch. But defendants objected to the depositions of Abney, Hakim, Doole, Turpin and Martinez.⁴ These five executives have no meaningful connection with this case and no unique knowledge related to this case. The depositions of these five executives will serve no purpose other than to harass, annoy, oppress, and impose an undue burden and expense on Defendants.

On July 24, counsel met and conferred related to Defendants objection. When asked to explain the specific facts that were uniquely known to Abney, Hakim, Doole, Turpin and Martinez, Plaintiffs could give only conclusory generalities such as: "He has personal knowledge of decisions to move people around in SLC."

---

³ Discovery closes on August 23, 2019 and the notices of deposition are for August 13 through 19, 2019.

⁴ Defendants originally objected to the deposition of Brian Doherty as well but are now withdrawing that objection.

4

Plaintiffs also refused to withdraw the unilateral notice so that UPS could confirm the availability of counsel and witness. As a result, UPS must ask this Court to enter a protective order precluding the agreed upon depositions until such time as counsel and the witnesses are available.

## II.  LEGAL ANALYSIS

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In addition, under Rule 26(b)(2)(C)(i), on motion, or on its own, this Court must limit the frequency or extent of discovery otherwise allowed under the Federal Rules of Civil Procedure or by local rule if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

When a party attempts to depose a high-ranking executive, courts also consider whether the deponent possesses any unique personal knowledge that is relevant to the claims and defenses in the case, and whether the deponent can provide any unique, relevant, and personal knowledge that other deponents cannot. *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (affirming district court's order granting motion for protective order precluding plaintiff from deposing the Chairman of the Board of Directors of IBM because he lacked personal knowledge of the claims and defenses in the litigation); *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-00161, 2015 WL 4092755, at *2 (D. Utah July 6, 2015), *adhered to on reconsideration,* No. 2:14-CV-00161, 2015 WL 5054315 (D. Utah Aug. 26, 2015) (denying motion to compel deposition of defendants' CEO and CFO because the plaintiff failed to provide any evidence that the CEO or CFO had any involvement in the subject loan that was at issue in the case or any unique or personal knowledge of the circumstances relevant to the

litigation); *Estate of Turnbow v. Ogden City*, No. 1:07CV114, 2008 WL 2004328, at *2 (D. Utah May 9, 2008) (providing cases standing for the proposition that parties will be precluded from deposing high-ranking officials absent a demonstration that they have personal knowledge of the litigation).

### III. UPS' HIGH-RANKING EXECUTIVES DO NOT POSSESS *ANY* UNIQUE PERSONAL KNWOLEDGE RELEVANT TO THE LITIGATION.

Permitting Plaintiffs' counsel to depose these five high-ranking executives would do nothing but subject these individuals to annoyance, oppression, undue burden and expense because they possess no unique personal knowledge that is relevant to this litigation, let alone any knowledge other deponents cannot provide.[5]

#### A. Promotional Decisions Are Made Locally.

As noted previously, both Plaintiffs testified in their depositions that the crux of their claims boils down to Defendants' failure to promote them beyond their supervisor positions in Salt Lake City, Utah. But these promotional decisions are made locally, a fact Plaintiff Adetula confirmed in his deposition:

> The opportunities to promotion are controlled by the managers in the area, they control your readiness. So even though we make these references to UPS, we report to managers and directors in Utah who control our career by determining our readiness, and therefore they determine our opportunities.

*See* Plaintiff Adetula's Deposition Transcript, at 76:23-77:5. None of the five high-ranking executives noticed by Plaintiffs are local in Salt Lake City. As such,

---

[5] The fact that these depositions were noticed with less than a month's notice only increases the undue burden on the deponents. *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 484 (10th Cir. 1995) (finding that lack of adequate notice and a "hurried deposition" imposed a burden on the Chairman of the Board of Directors of IBM and affirming district court's decision to preclude his deposition).

and based on Plaintiff Adetula's own deposition testimony, these individuals do not possess unique personal knowledge that is relevant to the crux of Plaintiffs' claims. This make sense--only the managers who work with Plaintiffs locally possess the unique personal knowledge regarding Plaintiffs' qualifications and job performance in comparison to the other candidates for promotions used in making promotional decisions.

> **B. UPS CEO and Chairman of the Board David Abney Does Not Possess Any Unique Personal Knowledge Relevant to the Litigation.**

UPS CEO and Chairman of the Board David Abney does not possess *any* unique personal knowledge relevant to the litigation. UPS has produced approximately 17,000 pages of documents in this case. Not a single document has been authored by Abney. While Plaintiff Adetula unilaterally emailed Abney on two separate occasions, Abney did not respond to either email nor investigate their content.[6] On the contrary, it was Kate Hegidio who investigated the complaints Adetula sent to Abney via email. Plaintiff's counsel is deposing Hegidio in a deposition to which Defendants do not object. As a result, Abney has no unique knowledge related to Adetula's complaint or UPS' response to those complaints.

In the meet and confers regarding Abney, Plaintiffs' counsel utterly failed to produce any document or demonstrate in any way that Abney has unique personal knowledge relevant to the litigation, let alone any unique personal knowledge relevant to the litigation that other deponents such as Kate Hegidio cannot provide. Plaintiffs point only to the email Adetula sent Abney, along with the fact that

---

[6] UPS has searched Abney's email and found only three email chains related to Adetula. By report, two of those chains are the email from Adetula to Abney in 2018 – email that Abney forwarded to others to deal with; the third is a Linked-in request Adetula sent to Abney. There were no email from Abney to Adetula, and no email at all related to Plaintiff Strickland.

Adetula met Abney once in 2014 when he was invited back to Atlanta to be "President for a day." During the meet and confer process Plaintiffs refused to confirm whether Adetula said anything about his promotion concerns when he met with Abney (an unlikely possibility given that Adetula didn't email Abney until four years later in 2018). UPS has nearly 400,000 employees in the United States. If an employee could drag the CEO into litigation by merely sending him an unsolicited email or meeting him once, Abney would spend all his time in depositions.

### C. Doole, Hakim, Turpin, and Martinez Possess No Unique Personal Knowledge Relevant to the Litigation.

Similarly, Plaintiffs can point to no documents that have been produced in this case showing that Hakim, Doole, Turpin and Martinez have any unique personal knowledge whatsoever that is relevant to this litigation that other deponents cannot provide.

There are absolutely no documents suggesting that Doole has unique personal knowledge relevant to the litigation that cannot be provided by other deponents. And Hakim submitted a declaration that has been produced in this case stating that he did not investigate any of Plaintiffs' complaints and did not make the decision to move Thaddaeus Lounds or Deidra Lewis to Salt Lake City. *See* Elias Hakim Declaration, attached as **Exhibit E**.

Martinez is the Chief Diversity & Inclusion Officer for all of UPS. All relevant information Martinez may have was available during a deposition given by Laura Podczervinski – the witness Defendants designated to speak to diversity and inclusion in response to Plaintiffs' 30(b)(6) notice on that topic. Finally, Turpin is an officer who is identified in the Affirmative Action plans produced in this case. Like Martinez, all information that Turpin may have was available during the Podczervinski deposition. Defendants designated Podczervinski to

speak to Affirmative Action plans in response to Plaintiffs' 30(b)(6) notice on that topic. Podczervinski capably did so, testifying that it was she who wrote the plans in which Turpin's name appears.

### D. Turpin and Martinez Have Never Been Disclosed as Persons Likely to have Discoverable Information.

We are now less than a month away from the discovery deadline. And despite the fact that Plaintiffs disclosed 50 different persons who they claim have discoverable information, Turpin and Martinez are not on that lengthy list.

For its part, UPS has not listed any of the five individuals here at issue as persons with knowledge and it has no plans to call any of the five as witnesses at trial.

## IV. CONCLUSION

Plaintiffs in this case are two current UPS employees who claim they have been passed over for promotion in Utah because they are African Americans working in Utah. Even if plaintiffs should prevail, damages in this case will be small because Plaintiffs have not lost their jobs nor been physically traumatized. In such a case, a request to depose five high-level executives of a corporation with 400,000 employees (none of whom live or work in Utah) is disproportionate to the needs of the case and will serve no purpose other than to annoy and harass Defendants and drive up the cost of litigation.

For these reasons, Defendants respectfully request an order from the Court precluding Plaintiffs from deposing the UPS CEO and four other high-ranking executives. Abney, Hakim, Doole, Turpin and Martinez have no unique personal knowledge relevant to this litigation. The requested protective order is necessary to protect them from annoyance, oppression, undue burden and expense.

Defendants also ask this Court to enter a protective order precluding the five uncontested depositions until such time as counsel and the witnesses are available.

RESPECTFULLY SUBMITTED this 24th day of July, 2019.

**BURNSBARTON PLC**

By  */s/ David T. Barton*
David T. Barton
Benjamin J. Naylor
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, a true and correct copy of **DEFENDANTS' MOTION FOR PROTECTIVE ORDER** was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Randy M. Andrus
ANDRUS LAW FIRM, LLC
Wells Fargo Center
299 South Main Street, Suite 1300
Salt Lake City, UT 84111-2241
randy@andrusfirm.com
*Attorney for Plaintiff*


/s/ Carolyn Galbreath