IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADEMOLA ADETULA and HOMER STRICKLAND, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC.; UNTED PARCEL SERVICE GENERAL SERVICES CO.; and DOES 1 through 50, inclusive, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:18-cv-00612-HCN-PMW <br><br><br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Paul M. Warner |

This case has been referred to Chief Magistrate Judge Paul M. Warner pursuant to 28

U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendants United Parcel Service, Inc. ("UPS")

and United Parcel Service General Services Co.'s (collectively, "Defendants") motion for

protective order[2] and (2) Plaintiffs Ademola Adetula and Homer Strickland's (collectively,

---

[1] *See* docket nos. 17, 53-54.

[2] *See* docket no. 57. This motion does not comply with the short form discovery motion procedure set forth in Civil Rule 37-1 of the Rules of Practice for the United States District Court for the District of Utah. That rule, which governs any discovery disputes arising under Rules 26-37 and 45 of the Federal Rules of Civil Procedure, requires a party to file a short form discovery motion to have a discovery dispute resolved by court order. *See* DUCivR 37-1(a)(3). Any such motion may not exceed 500 words. *See id.* Defendants' motion exceeds that word-count limit. Although the court will consider Defendants' motion in this instance, Defendants are directed to strictly comply with Civil Rule 37-1 for any future discovery disputes.

"Plaintiffs") short form discovery motion.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **ANALYSIS**

I.  **Defendants' Motion for Protective Order**

Defendants seek a protective order precluding Plaintiffs from deposing five high-level UPS executives and precluding Plaintiffs from conducting five other depositions until such time as Defendants' counsel and the deponents are available. Plaintiffs oppose Defendants' motion.

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

    A.  **Depositions of UPS Executives**

When determining whether a protective order should be issued to preclude the deposition of a high-level executive, the court must consider whether the deponent in question possesses any unique, personal knowledge that is relevant to the claims and defenses in the action. *See, e.g.*, *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995); *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-00161, 2015 WL 4092755, at *2 (D. Utah July 6, 2015), *adhered*

---

[3] *See* docket no. 61. Defendants' response to this motion was filed one day late. *See* DUCivR 37-1(a)(6). The court will consider Defendants' response in this instance, but again directs Defendants to strictly comply with Civil Rule 37-1 for any future discovery disputes.

*to on reconsideration*, No. 2:14-CV-00161, 2015 WL 5054315 (D. Utah Aug. 26, 2015); *Estate of Turnbow v. Ogden City*, No. 1:07CV114, 2008 WL 2004328, at *2 (D. Utah May 9, 2008).

The five UPS executives in question are: UPS Chief Executive Officer and Chairman of the Board, David Abney ("Abney"); UPS Vice President of Human Capital, Joe Doole ("Doole"); UPS Vice President of Human Resources, Global Talent Strategy, Justine Turpin ("Turpin"); UPS Chief Diversity & Inclusion Officer, Eduardo Martinez ("Martinez"); and retired Vice President of Operations for UPS Global Business Services, Elias Hakim ("Hakim").

The court concludes that Plaintiffs have failed to demonstrate that Abney has any unique, personal knowledge about the claims and defenses in this action. Plaintiffs point only to isolated and unilateral contacts they had with Abney, none of which demonstrates that Abney has any unique, personal knowledge relevant to this action. Furthermore, as Defendants have noted, not a single document produced in discovery was authored by Abney. Under those circumstances, the court grants the portion of Defendants' motion related to Abney.

As for Doole, Turpin, and Martinez, Plaintiffs have failed to demonstrate that they have any unique, personal knowledge about the claims and defenses in this action. Plaintiffs arguments concerning those UPS executives are not only conclusory in nature, but the evidence cited by Plaintiffs does not establish that any of those UPS executives have unique, personal knowledge that is relevant to this action. Accordingly, the portion of Defendants motion related to Doole, Turpin, and Martinez is granted.

With respect to whether Hakim has unique, personal knowledge about the claims and defenses in this action, which Defendants admit is "a closer call" than the other UPS executives,[4] the court concludes that Plaintiffs have demonstrated that he does. Even if Hakim was not the decisionmaker for any of the promotions sought by Plaintiffs, it appears that he had some involvement with promotion decisions in the Salt Lake City location in which Plaintiffs work. Accordingly, the portion of Defendants' motion related to Hakim is denied. The court hereby extends the fact discovery deadline to thirty days after the date of this order, limited to the purpose of allowing Plaintiffs to depose Hakim.

**B.     Other Depositions**

The parties appear to agree that there are five other uncontested depositions that still need to take place in this action. However, Defendants contend that Plaintiffs' counsel unilaterally noticed those depositions without making any effort to consult with Defendants' counsel concerning the availability of counsel or the five deponents. Plaintiffs do not counter that contention.

Pursuant to Civil Rule 83-1.1(g) of the Rules of Practice for the United States District Court for the District of Utah, this court has adopted the Utah Standards of Professionalism and Civility. *See* DUCivR 83-1.1(g). By failing to consult with Defendants' counsel concerning the depositions in question, Plaintiffs' counsel violated Standard 15 of the Utah Standards of Professionalism and Civility. Consequently, this portion of Defendants' motion is granted.

---

[4] Docket no. 65 at 7.

Although now overcome by events, the five depositions in question may not go forward as noticed by Plaintiffs' counsel.

Consistent with Defendants' request, the five depositions will not take place until such time as Defendants' counsel and the deponents are available. In noticing those depositions, Plaintiffs' counsel shall strictly comply with Standard 15 of the Utah Standards of Professionalism and Civility. If the five depositions have not already taken place, the court hereby extends the fact discovery deadline to thirty days after the date of this order, limited to the purpose of allowing those depositions to occur.

### C. Plaintiffs' Request for Reasonable Expenses

In their response to Defendants' motion, Plaintiffs request an award of reasonable expenses incurred in connection with the motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. Because Defendants' motion has been granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The court concludes that an award of reasonable expenses to Plaintiffs is not justified under the circumstances. Accordingly, Plaintiffs' request is denied.

## II. Plaintiffs' Short Form Discovery Motion

Plaintiffs first argue that Defendants have failed to produce documents pursuant to a court order issued on May 15, 2019.[5] Plaintiffs contend that Defendants should be required, consistent with that order, to produce nationwide EEO-1 reports and Affirmative Action Plans ("AAPs") from 2012 to the present.

---

[5] *See* docket nos. 42-43.

Defendants contend that during the May 15, 2019 hearing, their counsel mistakenly represented that Defendants could obtain only nationwide data for the discovery in question. Defendants later filed a notice correcting their mistaken representation and stating that they could obtain the discovery in question for the region including the UPS location in which Plaintiffs work.[6] Defendants claim that they then produced the EEO-1 reports and the AAPs for that region. Defendants contend that by producing that discovery, they have complied with the court's order.

Regardless of Defendants' interpretation of the events of the May 15, 2019 hearing, the fact remains that the court ordered them to produce nationwide EEO-1 reports and AAPs from 2012 to the present. Defendants may not simply file a notice of correction of the record, then interpret the court's order to require them produce only documents that they believe are responsive. The court concludes that Defendants must comply with the court's order, which they never moved to amend or alter. Accordingly, this portion of Plaintiffs' motion is granted. Within thirty days after the date of this order, Defendants shall produce nationwide EEO-1 reports and AAPs for the time period ordered by the court.

Second, Plaintiffs argue that they are entitled to certain data that supports the AAPs. Defendants contend that Plaintiffs have never requested such data through a formal discovery request. Without a formal discovery request for the information Plaintiffs seek, the court will not order Defendants to produce that information. Accordingly, this portion of Plaintiffs' motion is

---

[6] *See* docket no. 52.

denied. If Plaintiffs can point to a formal discovery request for the information they seek, they are free to renew their motion on this issue.

Third, Plaintiffs argue that Defendants should be required to produce a substitute witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs contend that the Rule 30(b)(6) representative that Defendants produced was unprepared, evasive, and refused to provide information. The court disagrees. The court has reviewed the portions of the deposition cited by Plaintiffs and concludes that Plaintiffs' argument is without merit. Accordingly, this portion of Plaintiffs' motion is denied.

Finally, Plaintiffs request an award of reasonable expenses incurred in connection with the motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. Because Plaintiffs' motion has been granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The court concludes that an award of reasonable expenses to Plaintiffs is not justified under the circumstances. Accordingly, Plaintiffs' request is denied.

## **CONCLUSION AND ORDER**

In summary, IT IS HEREBY ORDERED:

1. Defendants' motion for protective order[7] is GRANTED IN PART AND DENIED IN PART, as detailed above.

---

[7] *See* docket no. 57.

2. Plaintiffs' short form discovery motion[8] is GRANTED IN PART AND DENIED IN PART, as detailed above.

IT IS SO ORDERED.

DATED this 15th day of October, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[8] *See* docket no. 61.