IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Ademola Adetula and Homer Strickland, Plaintiffs, v. United Parcel Service, Inc.; United Parcel Service General Services Co.; and Does 1 through 50, inclusive, Defendants. | **MEMORANDUM DECISION AND ORDER SUSTAINING DEFENDANTS' OBJECTION (DKT. NO. 73)** Case No. 2:18-cv-00612-HCN-EJF Howard C. Nielson, Jr. United States District Judge |

Defendants' objection and request for clarification, Dkt. No. 73, was narrow, and this court's ruling today is correspondingly narrow. Based on a review of the parties' briefing, Dkt. No. 73; Dkt. No. 88; Dkt. No. 92, the transcript of the hearing before Magistrate Judge Wells on May 15, 2019, Dkt. No. 73-1, the minute entry for that hearing, Dkt. No. 42, and the filings in this case, and for good cause appearing, the court **SUSTAINS** Defendants' objection to Chief Magistrate Judge Warner's order requiring Defendants to produce nationwide affirmative action plans, Dkt. No. 71 at 6.

The transcript of the May 15 hearing makes clear that after discussing reports related to affirmative action issues, Defendants agreed, and the court ordered, that Defendants would produce a nationwide EEO-1 report. Dkt. No. 73-1 at 20–21. Any shorthand used by Judge Wells in her minute entry for that hearing, *see* Dkt. No. 42 ("Defendant is to provide affirmative action reports to the plaintiff within 20 days."), must be read in light of what Judge Wells actually ordered Defendants to produce at the hearing, Dkt. No. 73-1 at 20–21 (ordering Defendants to produce the discussed EEO-1 report within 20 working days). Moreover, Plaintiffs never made a

formal request for purported nationwide affirmative action plans for UPS. *See* Dkt. No. 88-2 at 6 ("Please produce copies of Salt Lake City, Utah GBS Affirmative Action Programs that have been established for each year 1983 to present."); Dkt. No. 73 at 4 ("Plaintiffs have never requested 'nationwide' affirmative action plans for UPS."). For these reasons, Defendants need not produce a nationwide affirmative action plan for UPS—which apparently does not exist, *see* Dkt. No. 73 at 3–4. Notably, Plaintiffs make little to no effort to dispute this reading of the transcript and minute entry in their response to Defendants' objection.

Insofar as Plaintiffs maintain that Judge Wells' May 15 order requires Defendants to produce the Functional Affirmative Action Program Agreement ("FAAP"), the court rejects this argument. For the reasons discussed above, the court will not read into Judge Wells' shorthand minute entry more than what she actually ordered at the hearing. Although Judge Wells ordered Defendants to produce a nationwide EEO-1 report, she did not order Defendants to produce the FAAP. *See* Dkt. No. 73-1. Indeed, the FAAP was not even discussed at the hearing. *See id.*; *cf.* Dkt. No. 92 at 4 ("UPS introduced the Court to its Functional Affirmative Action Program Agreement or 'FAAP' in Dkt. 73."). Moreover, because the court declines to read Judge Wells' order to require production of a nationwide affirmative action plan, the court rejects Plaintiffs' attempt to shoehorn the FAAP into Judge Wells' order by way of the shorthand reference to "affirmative action reports" in her minute entry. (The court also notes its uncertainty regarding whether the FAAP even is an affirmative action report, *see* Dkt. No. 92 at 4–5, though it need not and does not decide that question here.)

Plaintiffs invoke their recent discovery request for the FAAP as a ground for overruling Defendants' objection. *See* Dkt. No. 88 at 5 & n.15; Dkt. No. 88-7. Defendants dispute the

validity of this discovery request in their reply. *See* Dkt. No. 92 at 5–6. Plaintiffs also argue that the FAAP may apply to Salt Lake City, and that by not producing this document Defendants failed to comply with previous discovery requests for Salt Lake City affirmative action programs. *See* Dkt. No. 88 at 6 (citing Plaintiffs' discovery requests 15, 17, 18 and 24). But the validity and scope of these various requests is not now before the court. Any dispute about these requests should be resolved by the magistrate judge in the first instance.

For the foregoing reasons, the court **SUSTAINS** Defendants' objection to Chief Magistrate Judge Warner's order requiring Defendants to produce nationwide affirmative action plans. **IT IS SO ORDERED.**

DATED this 5th day of December, 2019.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge