Bryan K. Benard, #9023
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
bbenard@hollandhart.com

Steven M. Gutierrez, *Pro Hac Vice Application Pending*
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
Fax: 303.295.8261
sgutierrez@hollandhart.com

*Attorneys for Defendants.*

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ADEMOLA ADETULA; HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | **MOTION TO CONSOLIDATE WITH CASE NO. 2:20-cv-00822-DBB-DAO**<br><br>Case No. 2:18-cv-00612-HCN-DBP<br><br>Honorable Judge Howard C. Nielson Jr.<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and DUCivR 42-1, Defendants United Parcel Service, Inc. and United Parcel Service General Services Co. (the “Defendants”), by and through undersigned counsel, respectfully move to consolidate this case with *Adetula et al. v. United Parcel Service, Inc. et al.*, Case No. 2:20-cv-00822, currently pending before Judge

David B. Barlow (the "Second Case") because this case and the Second Case arise from the same events, involve the same parties, and call for a determination of the same legal questions. Consolidation would also promote judicial efficiency as well as efficiency for the parties.

Undersigned counsel conferred with counsel for Plaintiffs regarding consolidation. Counsel for Plaintiffs would not agree to a stipulated consolidation and indicated that he would oppose this Motion.

## FACTUAL BACKGROUND

1. Plaintiffs filed the Complaint in this case on July 31, 2018 (No. 2:18-cv-00612, CM/ECF No. 2). The complaint purports to assert claims against Defendants for discrimination (pattern and practice); discrimination (disparate treatment and disparate impact); Title VII discrimination, harassment, and retaliation; Section 1981 discrimination, harassment, and retaliation; ADEA discrimination, harassment, and retaliation; negligent infliction of emotional distress; and intentional infliction of emotional distress. The complaint alleges conduct occurring through August 2018.

2. The parties have engaged in extensive discovery in this case, including the depositions of at least thirteen individuals and the resolution of various discovery disputes related to the scope of discovery.

3. On November 10, 2020, the Court granted summary judgment to Defendants on all of Plaintiffs' claims except discrimination (disparate treatment and disparate impact), Title VII retaliation, Section 1981 retaliation, and ADEA retaliation (No. 2:18-cv-00612, CM/ECF No. 155).

4. Ten days later, Plaintiffs filed the complaint in the Second Case on November 20, 2020 (CM/ECF No. 2). The complaint purports to assert claims against Defendants for discrimination (disparate treatment and disparate impact); Title VII discrimination, harassment, and retaliation; Section 1981 discrimination, harassment, and retaliation; ADEA discrimination, harassment, and retaliation; intentional infliction of emotional distress; FMLA interference and retaliation; breach of contract; and breach of the covenant of good faith and fair dealing. The complaint alleges that it includes conduct occurring "since April 2018 to present." (*Id.*).

5. The two complaints contain approximately 130 identical, nearly identical, or substantially similar allegations. The only different or new causes of action alleged in the Second Case are the FMLA and contract/covenant claims.

6. On March 26, 2021, Defendants filed their Answer (CM/ECF No. 10). Defendants deny each and every claim, deny any liability whatsoever to Plaintiffs, assert that they have acted properly in all respects as it relates to Plaintiffs, and have asserted numerous defenses, including that issues of *res judicata* and law of the case may be applicable in the Second Case.

## ARGUMENT

Federal Rule of Civil Procedure 42(a)(2) provides, in relevant part, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." When two cases share common questions of law or fact, consolidation is appropriate as "a matter of convenience and economy." *Harris v. Illinois-California Express*, 687 F.2d 1361, 1368 (10th Cir. 1982). The decision to consolidate is within the court's discretion. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1229 (10th Cir. 1999); *Petromanagement Corp. v. Acme-Thomas Joint Venture*,

835 F.2d 1329, 1334 (10th Cir. 1988). "Rule 42(a) is as broad as the jurisdiction of the federal courts and the cases indicate that the courts view it in that light." 9 Wright & Miller, Federal Prac. & Proc.Civ.3d § 2384.

In *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994), the district court set forth commonly accepted standards for consolidation pursuant to Rule 42(a):

> In deciding whether to grant a motion to consolidate, the Court should initially determine that the cases to be consolidated "involve a common question of law or fact." If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.

(citation omitted); *see also* 9 Wright & Miller, Federal Prac. & Proc.Civ.3d § 2383 (court weighs "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause").

In addition, this Court's local rules provide for consolidation in any one of several circumstances, four of which apply here:

> Any party may file a motion and proposed order to consolidate two or more cases before a single judge if the party believes that such cases or matters:
>
> (1) arise from substantially the same transaction or event;
>
> (2) involve substantially the same parties or property;
>
> * * * *
>
> (4) call for determination of substantially the same questions of law; or
>
> (5) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

DUCivR 42-1(a). Each of the circumstances listed above apply to this case and the Second Case.

First, numerous allegations in the Second Case duplicate the allegations alleged in this case. The claims in the Second Case are simply a continuation of the controversies between the parties that arise out of this case.[1] That is, Plaintiffs have essentially re-asserted all of the same claims but added a new time period to the claims (April 2018 through the present). Indeed, the allegations in the second complaint re-allege nearly all of the historical allegations that purportedly make up the entirety of this case. Therefore, the claims in this case and in the Second Case necessarily arise from the same events.

Second, the parties are identical in the two cases.

Third, the two cases will call for determination of substantially the same questions of law. The causes of actions asserted in the Second Case are nearly identical to those in this case. The only new causes of action relate to the FMLA and purported contractual/covenant claims. Such claims are an easy "add-on" to the primary focus of this case: alleged discrimination and retaliation. In addition, there is a strong likelihood that the summary judgment ruling already entered in this case could have significant impacts on the Second Case or what questions of law remain—and having one judge consider such issues is appropriate.

Fourth, if the Court permits the two cases to continue separately, there would be substantial duplication of labor, potentially inconsistent results, and unnecessary court costs and delay. Consolidation is also appropriate to efficiently address what (and how much) discovery should be conducted in the Second Case. For example, it is not difficult to contemplate that

[1] This case covers a time period of allegations generally from approximately September 2015 through depositions in the summer of 2019. The Second Case re-alleges the same conduct from September 2015 but appears to merely add additional allegations from late 2018 through early 2020.

many of the thirteen depositions from this case would not need to be taken again in the Second Case if the matters were consolidated. Or, the depositions could be limited to a mere timeframe not covered in the first deposition. Further, as noted, the summary judgment proceedings in this case should have a significant impact on the Second Case—and to prevent inconsistent rulings the matters should be consolidated. The saving of substantial time and effort that consolidation would produce outweighs any inconvenience, delay, or expense that consolidation would cause. Judicial economy would best be served by consolidation of the two cases.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order consolidating this case with the Second Case.

DATED this 6th day of July, 2021.

HOLLAND & HART LLP

*/s/ Bryan K. Benard*
Bryan K. Benard
Steven M. Gutierrez

*Attorneys for Defendants*

16846988_v2