Randy M. Andrus (10392)
**ANDRUS LAW FIRM, LLC**
299 South Main Street, Suite 1395
Salt Lake City, Utah 84111-2241
Telephone: (801) 535-4645
Email: Randy@andrusfirm.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **ADEMOLA ADETULA;**<br>**HOMER STRICKLAND;**<br><br>Plaintiffs,<br>vs.<br><br>**UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES** 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00612-HCN-DAO<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE WITH CASE NO. 2:20-cv-00822-DBB-DAO [ECF NO. 163]**<br><br>[Fed. R. Civ. P. 42; DUCivR 42-1]<br><br>Honorable Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES …………………………………………………………….3

INTRODUCTION …………………………………………………………………….5

STANDARDS FOR CONSOLIDATION ……………………………………………….5

BACKGROUND …………………………………………………………………...7

ARGUMENT ……………………………………………………………………...11

CONSOLIDATION WOULD PREJUDICE MR. ADETULA AND MR. STRICKLAND, AND WOULD CAUSE UNFAIR DELAY, CONFUSION, AND WASTED RESOURCES ………………………………...11

CONCLUSION …………………………………………………………………....13

# TABLE OF AUTHORITIES

PAGE

## Cases

*Adetula, et al. v. United Parcel Service, Inc., et al.*,
2:20-cv-00822-DBB-DAO …………………………………………………………9

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*,
No. 92-20643, 1994 U.S. Dist. LEXIS 17569, *13 (N.D. Cal. Apr. 19, 1994) ……...11

*Delre v. Perry*,
288 F.R.D. 241 (E.D.N.Y. 2012) ……………………………………………………. 6

*Devlin v. Transportation Comm. Int'l. Union*,
175 F.3d 121 (2d Cir. 1999) ……………………………………………………..6

*Cantrell v. GAF Corp.*,
999 F.2d 1007 (6th Cir. 1993)…………………………………………………….. 11

*Johnson v. Celotex*,
899 F.2d 1281 (2d Cir. 1990) …………………………………………………...6, 11

*Consolo v. Federal Maritime Commission*,
383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966) ………………………………... 7

*Haas v. Brookhaven Mem'l Hosp.*,
No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) ……………….6

*Harris v. Illinois-California Express, Inc.*,
687 F.2d 1361 (10th Cir. 1982) …………………………………………………….7

*In re Repetitive Stress Injury Litigation*,
11 F.3d 368 (2d Cir. 1993) ………………………………………………………….7

*Malcolm v. National Gypsum Co.*,
995 F.2d 346 (2d Cir. 1993) ……………………………………………………..6

*Mills v. Beech Aircraft Corp.*,
886 F.2d 758 (5th Cir. 1989) ....................................................11, 12

*Schacht v. Javits*,
53 F.R.D. 14 321 (S.D.N.Y. 1971) ..........................................12

*Southwest Marine, Inc. v. Triple A Machineshop, Inc.*,
720 F.Supp. 805 (N.D. Cal. 1989) ..........................................7

**Statutes**

*Age Discrimination in Employment Act of 1967, as amended ("ADEA"),*
29 U.S.C. § 621 ..........................................................9

*Civil Rights Act of 1866, 1991, as amended ("§§ 1981),*
42 U.S.C. § 1981 ..........................................................9

*Civil Rights Act of 1964, as amended ("Title VII"),*
42 U.S.C. §§ 2000e-2(a), et seq. ..........................................9

*The Family and Medical Leave Act of 1993, as amended ("FMLA"),*
29 U.S.C. §§ 2601−2654, et seq. ..........................................10

**Other**

*Federal Rules of Civil Procedure,*

Rule 42 ..........................................................5

*Local Civil Rules,*

DUCivR 42-1 ..........................................................5, 6

## INTRODUCTION

Consolidation must not be granted when it would prejudice, cause delay, confusion, wasted resources, or does not promote judicial economy. Consolidation is also not appropriate when cases are at different procedural postures and trial preparation stages.

Consolidation of this Case with a recently-filed *Adetula, et al. v. United Parcel Service, Inc., et al.*, 2:20-cv-00822-DBB-DAO (Second Case) would greatly prejudice Mr. Adetula and Mr. Strickland, would cause delay, confusion, result in wasted resources, and would not promote judicial economy. This Case is already at a far-advanced procedural posture and stage. Fact and expert discovery are long-since been completed. Summary judgment phase has been completed. This Case is ready and has long been waiting trial.

Defendants' Motion to Consolidate (ECF 163) must be denied.

## STANDARDS FOR CONSOLIDATION

Consolidation is governed by Federal Rules of Civil Procedure, Rule 42:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to **avoid unnecessary cost or delay**.
>
> (b) Separate Trials. For convenience, to **avoid prejudice**, or to expedite and economize, the court may order separate trials of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Local Rule, DUCivR 42-1(a) states:

Any party may file a motion and proposed order to consolidate two or more cases before a single judge if the party believes that such cases or matters:

(1) arise from substantially the same transaction or event;
(2) involve substantially the same parties or property;
(3) involve the same patent, trademark, or copyright;
(4) call for determination of substantially the same questions of law; or
(5) for any other reason would entail substantial duplication of labor or unnecessary court costs or **delay** if heard by different judges.

The Court has discretion in determining whether consolidation is appropriate. The decision on consolidation rests within this Court's discretion, but the "discretion to consolidate is not unfettered." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Even if it finds "that the actions involve common questions of law or fact," the court "must balance the efficiency gained through consolidation against possible prejudice to the parties." *Haas v. Brookhaven Mem'l Hosp.*, No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (Garaufis, J.) (internal quotation omitted). "'[E]fficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*.'" *Devlin v. Transportation Comm. Int'l. Union*, 175 F.3d 121, 130 (2d Cir. 1999) (emphasis in original) (internal citation omitted); *Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012). "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *Celotex*, 899 F.2d at 1285, and "[t]he benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

The fact that two cases involve a common question of law or fact does not alone justify consolidation in the absence of other factors that would promote judicial economy. "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Machineshop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989). Factors to be weighed include specific risks of prejudice and confusion, the risk of inconsistent legal judgments, burdens on the parties and judicial resources, time and delay, and cost; as well as fairness, *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982), citing *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 617, n. 14 (1966). The moving party bears the burden of persuading the court that consolidation is desirable. *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993), although consolidation may enhance judicial efficiency, convenience and economy must yield to a paramount concern for a fair and impartial trial.

The Court can best avoid prejudicial delay and unfairness by declining to consolidate. Justice delayed is justice denied.

**BACKGROUND**

1. After years of extensive prerequisite internal and external administrative proceedings since September 2015 (ECF 2−5 through ECF No. 2−13), Mr. Adetula and Mr. Strickland filed this Case on July 31, 2018 (ECF No. 2).

2. From July 31, 2018 through August 23, 2019, Mr. Adetula and Mr. Strickland had to engage in extensive and very costly fact discovery as to the claims and defenses in this Case only, with substantial depositions and law and motion.

3. Up to the close of expert discovery on December 17, 2019, Mr. Adetula and Mr. Strickland had to engage in extensive and very costly expert discovery as to the claims and defenses in this Case only, hiring multiple retained experts: Caren Goldberg, Ph.D. (human resources, policies, practices, internal investigations, affirmative action, promotions); Ted P. Tatos (economic analysis, damages); and Trent C. Holmberg, M.D. (forensic psychiatrist), with very specifically-tailored written expert reports to the issues in this Case only (ECF No. 137−4, Exs. EE−HH).

4. On February 4, 2020, Defendants filed their Motion for Summary Judgment (ECF No. 108).

5. On November 10, 2020, the Court denied in part and granted in part the Motion for Summary Judgment (ECF No. 158).

6. Since November 10, 2020, this long-standing Case has been at-issue for trial and in a stage and procedural posture for a Daubert hearing and the scheduling of the jury trial, subject only to COVID-19 pandemic delays.

7. After filing of their Motion for Summary Judgment in this Case on February 4, 2020, Defendants' terminated Mr. Adetula's and Mr. Strickland's employment of 25 years and 36 years respectively.

8. After receiving Notices of Right to Sue from the EEOC, Mr. Adetula and Mr. Strickland filed a separate Second Case 2:20-cv-00822-DBB-DAO on November 20, 2020.

9. The Second Case presents separate, new, and unique causes of action much of which arose from new events *after* the close of fact and expert discovery in this Case, including for:

(1) Disparate Treatment and Disparate Impact Discrimination

(2) Violations of Civil Rights and Statutory Discrimination,
Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a), et seq.

Race, Color, Ethnicity, Ancestry, National Origin
Harassment
Hostile Work Environment
Retaliation

(3) Violations of Civil Rights, race and color
Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq.

(4) Violations of Civil Rights and Statutory Discrimination, age
Age Discrimination in Employment Act of 1967 (ADEA),
29 U.S.C. § 621

Age
Harassment

Hostile Work Environment
Retaliation

(5) **Breach and Violation of Statutory and Obligations, including The Family and Medical Leave Act of 1993, as amended (FMLA), 29 U.S.C. §§ 2601−2654, et seq., 29 U.S.C. § 2612**

(6) **Breach of Contracts, Including Third Party Beneficiaries, Breach of Covenant of Good Faith and Fair Dealing**

(7) Intentional Infliction of Emotional Distress

10. Throughout this Case, Defendants have taken the position before this Court that the issues arising after April 30, 2018 (date of the EEOC filings, ECF Nos. 2−2 through 2−4, and the Notices of Right to Sue of May 29, 2018—issues now in the Complaint of the Second Case) are ***not*** part of this first Case, *see* ECF Nos. 8 and 13, Answer at p. 61, ¶¶ h. and i, and ECF 108, Motion for Summary Judgment at pp. 32−33, 38−39. In other words, Defendants' has been that the issues now in the Second Case are not part of this Case.

11. Mr. Adetula's and Mr. Strickland's rights in the new causes of action and issues presented in the Second Case are significant, and will require additional, extensive, and separate fact discovery into the issues in the Second Case, as well as experts.

## ARGUMENT

## CONSOLIDATION WOULD PREJUDICE MR. ADETULA AND MR. STRICKLAND AND WOULD CAUSE UNFAIR DELAY, CONFUSION, AND WASTED RESOURCES

Consolidation of the Second Case with this Case would severely delay the progress of this Case and result in prejudice, unfairness, confusion, and burdens to both the parties and the Court. The legal nature and the advanced procedural posture and stage of this Case does not justify consolidation and the harms which would be created.

Even where two cases touch upon similar issues, the Court is not *required* to grant consolidation, *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-20643, 1994 U.S. Dist. LEXIS 17569, *13 (N.D. Cal. Apr. 19, 1994) ("[A]lthough the court finds that there are some common issues, 'the mere existence of common issues . . . does not mandate consolidation.' " (citation omitted).) To the contrary, because the *paramount concern is for a fair and impartial trial*, the court must weigh considerations of judicial economy and convenience against the risks of delaying trial, *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989), prejudice, and confusion, *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993), and increasing the burden on parties and the court, *Johnson v. Celotex*, 899 F.2d 1281, 1285 (2d Cir. 1990). Because the potential for delay, confusion, and prejudice are so great, and because judicial economy is likely to be obstructed rather than advanced, consolidation is improper and must be denied.

Consolidation is properly denied where the cases involved are at different stages of preparedness for trial. *Mills,* 886 F.2d at 762. Differing discovery and trial stages weigh against consolidation. "[P]roper judicial administration does not recommend consolidation where two actions are at such widely separate states of preparation." *Schacht v. Javits*, 53 F.R.D. 14 321, 325 (S.D.N.Y. 1971). It is undisputed that procedurally, the two cases are at different stages of readiness and for trial. Discovery in this Case has been long and contentious. Fact and expert discovery have long been concluded, and this Case has long been ready for trial. The trial should not be prolonged and confused by consolidation.

Mr. Adetula and Mr. Strickland will need extensive time to complete the fact and expert discovery related to the Second Case. Defendants' suggestion that the discovery be limited or over a shortened period, particularly given the history of prior discovery required in this Case prejudices Mr. Adetula and Mr. Strickland and their ability to complete fair discovery without delay to this Case.

Nor will Mr. Adetula and Mr. Strickland be able to complete fact discovery and expert discovery with expert reports in a fair and just manner. This Case is in a completely different and advanced procedural posture and stage of trial from the Second Case and thus consolidation would serve only to delay the disposition and prejudice them.

Consolidation is only appropriate when the result will be judicial efficiency without "delay, confusion, and prejudice." Here, consolidation would only guarantee delay, confusion, and prejudice.

## CONCLUSION

Consolidation is incompatible with avoiding prejudice and the interests of fairness and justice. Accordingly, Plaintiffs Ademola Adetula and Homer Strickland respectfully request that the Defendants' Motion be denied in its entirety.

Respectfully Submitted,

DATED this 20th day of July 2021 **ANDRUS LAW FIRM, LLC**

BY: /s/ Randy M. Andrus
**RANDY M. ANDRUS**
*Attorney for Plaintiffs*
**ADEMOLA ADETULA**
**HOMER STRICKLAND**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July 2021, a true and correct copy of the **OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE WITH CASE NO. 2:20-cv-00822-DBB-DAO [163]** was mailed via U.S. mail, postage prepaid and/or CM/ECF, to the following:

David T. Barton, Esq. VIA CM/ECF
Benjamin J. Naylor, Esq.
BurnsBarton LLP
Anchor Centre West
2201 E. Camelback Road, Suite 360
Phoenix, Arizona 85016
Telephone: (602) 753-4500
david@burnsbarton.com
ben@burnsbarton.com
*Attorneys for Defendants*
UNITED PARCEL SERVICE, INC.
UNITED PARCEL SERVICE GENERAL SERVICES CO.

Thomas D. Walk, Esq. VIA CM/ECF
Kirton McConkie
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
twalk@kmclaw.com
*Attorneys for Defendants*
UNITED PARCEL SERVICE, INC.
UNITED PARCEL SERVICE GENERAL SERVICES CO.

Bryan K. Benard, Esq. VIA CM/ECF
Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
bbenard@hollandhart.com
*Attorneys for Defendants*
UNITED PARCEL SERVICE, INC.
UNITED PARCEL SERVICE GENERAL SERVICES CO.

Steven M. Gutierrez, Esq. VIA CM/ECF
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202-3921
Telephone: (303) 295-8000
sgutierrez@hollandhart.com
*Attorneys for Defendants*
UNITED PARCEL SERVICE, INC.
UNITED PARCEL SERVICE GENERAL SERVICES CO.

/s/ Randy M. Andrus