Bryan K. Benard, #9023
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
bbenard@hollandhart.com

Steven M. Gutierrez, *Admitted Pro Hac Vice*
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
Fax: 303.295.8261
sgutierrez@hollandhart.com

*Attorneys for Defendants.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ADEMOLA ADETULA; HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE WITH CASE NO. 2:20-cv-00822-DBB-DAO**<br><br>Case No. 2:18-cv-00612-HCN-DBP<br><br>Honorable Judge Howard C. Nielson Jr.<br><br>Magistrate Judge Dustin B. Pead |

Defendants United Parcel Service, Inc. and United Parcel Service General Services Co. (the “Defendants”), by and through undersigned counsel, submit this reply memorandum in support of their pending Motion to Consolidate this case with *Adetula et al. v. United Parcel*

*Service, Inc. et al.*, Case No. 2:20-cv-00822, currently pending before Judge David B. Barlow (the "Second Case").

## I. SUMMARY OF ARGUMENT

Conspicuously absent from Plaintiffs' Opposition Memorandum is any attempt to refute that this case and the Second Case are inextricably intertwined, efficiency and judicial economy would benefit from consolidation, and that consolidation would avoid any potential inconsistent rulings. These two cases do not merely share a few common facts, as Plaintiffs argued in opposition—these two cases have identical parties, identical claims (except for two discrete new claims), contain 130 identical (or nearly identical) paragraphs of allegations, cover the same timeframe, and, in reality, are the same case. The only true difference is that the Second Case covers a short additional time period between the filing of this First Case and Plaintiffs' termination of employment 18 months later, which Plaintiffs cover in 14 paragraphs in the Second Case Complaint. But the underlying issues—whether Defendants discriminated against Plaintiffs throughout their 20 plus years of employment—are identical, with the Second Case merely adding in an 18-month period through Plaintiffs' termination of employment.

Plaintiffs' filing of the Second Case—instead of merely seeking to amend the complaint in this action—appears to be an attempt to circumvent this Court's ruling on summary judgment and hope for an inconsistent ruling. That is, the Second Case was filed 10 days after this Court's ruling on summary judgment which disposed of numerous claims and issues raised by Plaintiffs covering nearly all of their employment history. The fact that Plaintiffs, in the Second Case, incorporate the Complaint from the First Case, re-allege approximately 130 paragraphs and allegations, and specifically re-allege allegations from the same time period (2003 to 2018),

reveals the strategy—Plaintiffs seem to be seeking different results from a different judge on these same allegations.

Plaintiffs' suggestion of "delayed justice" or prejudice is undermined by their re-starting the entire litigation process in a Second Case covering the same issues. Apparently it is fine to re-start discovery, re-take 13 plus depositions in the Second Case, re-do expert discovery, and hope to avoid summary judgment in the Second Case—all over the same allegations with a few new ones added—and have the trial in the Second Case years after the trial in this First Case. That would be delayed justice. The Court should not be distracted by this apparent strategic move to avoid this Court's rulings.

In contrast, consolidating these matters will create a clean, expeditious, non-confusing, and direct pathway to trial (if necessary). That is, the Court can easily manage discovery, set out a schedule to re-open discovery and depositions for the limited purpose of covering the new 18-month period between the filing of the First Case and the termination of Plaintiffs' employment in February 2020, and get the parties complete and full justice. In fact, given that the Second Case re-alleges all of Plaintiffs' employment history, cites and incorporates the Complaint from the First Case, and covers the exact same time frame, it is perplexing to Defendants how the Second Case could even proceed to trial without discussing any such history—all of which would be resolved in this matter and then excluded from the second trial based upon potential application of *res judicata* or collateral estoppel. Piecemeal litigation, wasting judicial and party resources, and creating a strong likelihood of inconsistent rulings, is not "justice." In short, the parties should work together to expeditiously proceed through limited discovery and address all of the Plaintiffs' claims in one complete process—all within a consolidated case.

## II. FACTUAL BACKGROUND

Plaintiffs did not dispute or refute any of the factual background statements noted by Defendants. Generally, Defendants do not disagree with Plaintiffs' background factual statements except as follows (numbering taken from Plaintiffs' Opposition Memorandum):

1. The exhaustion of remedies process is statutorily required. Plaintiffs continued to file charge after charge, and amending such charges, related to the same underlying employment issues. All of these charges and proceedings are alleged anew in the Second Case.

2. The parties engaged in extensive discovery. Since Plaintiffs have re-alleged the same allegations and claims, from the exact same time period, if the cases are not consolidated then such discovery would be repeated at great expense and time in the Second Case. The completed discovery was not limited to the issues in the First Case, and indeed, Plaintiffs cite eight witness depositions from this current matter in the Complaint in the Second Case. See Complaint, No. 2:20-cv-00822, CM/ECF No. 2 ("Second Case Complaint") at ¶¶ 43-53. The discovery already completed can apply equally (based on the timeframe) to a consolidated case.

3. The parties engaged in expert discovery. The issues and expert reports are not tailored to the First Case alone—because the allegations and claims are identical, they pertain equally to the Second Case. In fact, paragraph 256 of the Second Case Complaint cites the expert report of Caren Goldberg, Ph.D. This expert discovery can apply equally (based on the timeframe) to a consolidated case.

9. This statement is not accurate. The Second Case does not present separate and unique allegations, other than covering the remaining 18 months of Plaintiffs' employment and their termination of employment—which make up about 14 paragraphs out of 449 allegations in

the Second Case Complaint. The Second Case Complaint re-alleges about 130 allegations from the Complaint in the First Case. In fact, the Second Case Complaint expressly re-alleges and incorporates the entire Complaint from the First Case. *See* Second Case Complaint at ¶¶ 76, 197. The new Family and Medical Leave Act claim is limited in scope and only relates to two requests for FMLA in July 2018 and October 2019. *Id.* at ¶¶ 430-434. Likewise, the new "Breach of Contract" claim is also limited in scope and only allegedly relates to one document. *Id.* at ¶ 438.

Moreover, each of the causes of action in the Second Case Complaint purport to cover the entirety of Plaintiffs' employment with Defendants and specifically allege the discrimination/retaliation/infliction of emotional distress took place "since becoming employed" or "during their employment." *Id.* at ¶¶ 365-369, 377-389, 394-406, 410-422, 452-454. Thus, the five original causes of action in this case are expressly subsumed in the same causes of action in the Second Case. Moreover, the Second Case Complaint details (at length) the purported allegations of discrimination/retaliation from 2003 through 2018—including the administrative charges and amendments thereto—that are alleged in the First Case. *Id.* at ¶¶ 69, 75-76, 81-105, 121-188, 197, 239-302.

The only readily apparent "new" allegations of discriminatory conduct and additional charges filed with the EEOC are contained in about 14 paragraphs of the Second Case Complaint. *Id.* at ¶¶ 303-316.

10. By statute, a party must exhaust all administrative remedies before bringing the types of claims at issue in this case. Of course, when faced with a lawsuit on such exhausted claims, a defendant would state that the lawsuit only covers such issues, and not allegations that

have not been through the required administrative process. This should not be surprising. Now that Plaintiffs have administratively exhausted issues through the rest of their employment, have filed a second lawsuit, and have re-alleged and incorporated every allegation from the First Case into the Second Case, Defendants' position that the matters should be handled together is entirely reasonable and appropriate.

11. The new FMLA and contract claims are quite limited in scope and will not require significant new discovery as argued by Plaintiffs. FMLA claims are generally quite concise and discovery limited to the FMLA request, the employer's response, the dates taken, and the medical certifications supporting the request. Similarly, a contract claim, in this context, is not complex. It is unlikely that either claim will require expert discovery.

## III. REPLY ARGUMENT

The parties do not dispute the relevant authority or standard: the Court has discretion to consolidate the matters based on the relevant factors to be considered. The parties agree that local rule DUCivR 42-1(a) controls the Court's determination here, and states:

> Any party may file a motion and proposed order to consolidate two or more cases before a single judge if the party believes that such cases or matters:
>
> (1) arise from substantially the same transaction or event;
>
> (2) involve substantially the same parties or property;
>
> * * * *
>
> (4) call for determination of substantially the same questions of law; or
>
> (5) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

All four factors heavily weigh in favor of consolidation. First, there can be no genuine dispute that the cases arise from substantially the same transaction or event. As noted above, the Second Case: has 130 identical (or nearly identical) allegations; expressly incorporates the Complaint and facts from the First Case; cites factual allegations from eight witness depositions from the First Case; cites to expert testimony from the First Case; re-alleges the same allegations of discrimination from 2003 through 2018; and each cause of action re-alleges purported discrimination/retaliation during Plaintiffs' entire employment (as does the First Case). Indeed, the Second Case only relates to continuing alleged discrimination over an 18-month period from the filing of the First Case through the termination of their employment—and, that only apparently makes up about 14 allegations in the Second Case Complaint. Consolidation is appropriate here. *See, e.g.*, *McIntosh v. Bank of Am.*, Case No. 08-CV-0503S, 2009 U.S. Dist. LEXIS 80880 (W.D.N.Y. Sept. 4, 2009) (consolidating two discrimination cases where first case was filed pre-termination and second case filed post-termination and stating: "As it is clear that plaintiff's remaining claims of national origin discrimination and retaliation are factually dependent upon her claims of national origin, sex and disability discrimination and retaliation set forth in 06-CV-708, and both lawsuits involve the same parties and statutory schemes, the Court finds *sua sponte* that justice will best be served by consolidating this action with 06-CV-708.").

Second, the cases have identical parties, which strongly supports consolidation.

Third, as noted above, the Second Case incorporates all of the factual allegations and causes of action related to alleged improper conduct throughout the duration of Plaintiffs' employment—which necessarily engulfs the First Case. As the Court knows, the crux of this case is alleged discrimination and retaliation. That is identical for the Second Case—and it

duplicates the same timeframe. The fundamental questions to be determined in both cases are whether there was discrimination or retaliation. That Plaintiffs have now added limited in scope FMLA and "breach of contract" claims does not alter the landscape. Plaintiffs' attempt to split their case into two is merely an attempt to get a second bite of the apple, from a different judge, on the claims and theories this Court has already rejected through summary judgment. Indeed, this Court's ruling on summary judgment has significant law of the case, collateral estoppel, and *res judicata* implications on the Second Case and no one is in a better position to rule on such issues than this Court. As the same statutory schemes predominate, justice will be best served through consolidation. *See, e.g.*, *McIntosh*, *supra*.

Fourth, several other substantial reasons support consolidation. Plaintiffs note that the parties have engaged in substantial discovery and expert discovery in this present matter, which presumably covered all issues with Plaintiffs' employment and allegations over 25-36 years of employment through mid-2018. Plaintiffs seem to suggest that significant discovery (and even expert discovery) must still take place with respect to the Second Case. That is hard to fathom when there are only 14 new allegations of discrimination/retaliation related to the 18-month period between the filing of this case and Plaintiffs' terminations of employment. Moreover, the allegations in the Second Case Complaint demonstrate that it is the same exact witnesses and experts that will be part of discovery in the Second Case. If the cases are not consolidated, and the parties must re-do discovery over a 25-36 year employment period, plus the additional 18 months in the Second Case, extreme party and judicial waste and duplication will occur. Only through consolidation can this Court properly limit discovery to the relevant new allegations,

properly limit the re-opening of depositions for such limited time period, eliminate unnecessary duplication of discovery, and expeditiously get this case to trial (if necessary).

This is not, however, merely an issue of judicial economy (which of course strongly favors consolidation). It is an issue of providing proper justice. If the cases are not consolidated, it seems nearly impossible to provide a fair or non-confusing trial in the Second Case. Consider the problem: if the First Case has already addressed all of the alleged discriminatory/retaliatory conduct throughout Plaintiffs' entire employment through mid-2018, how can that be fairly eliminated from the second trial? Would the parties just not talk about any such allegations and could Plaintiffs refrain from stating they were discriminated against for 25-36 years? Would the Second Case's judge provide an instruction that while Plaintiffs alleged discrimination from 2003 to mid-2018, another Court addressed that and did not find that any discrimination or retaliation took place? Or alternatively, have the judge issue an instruction that Defendants were found to have discriminated or retaliated against Plaintiffs in 2017? Neither instruction would likely pass unduly prejudicial muster, but more importantly, it would cause tremendous confusion to the jury in the Second Case. It is perplexing that Plaintiffs believe they can go to separate trials on these cases and not cause confusion.

Or worse, if the Second Case judge were to disregard this Court's summary judgment determinations and reject the law of the case/*res judicata* implications, and permit the Second Case to incorporate the Complaint in the First Case (which it expressly does) and send all of the allegations and causes of action to the jury, then inconsistent rulings are almost inevitable. Neither of these situations provides proper justice for the parties and are untenable.

Plaintiffs only argument in Opposition is that this case is past the dispositive motion stage and consolidation will cause injustice through delay. It should be noted that Plaintiffs could have avoided this by properly seeking leave to amend their Complaint. And it is curious that Plaintiffs apparently only want to get to trial speedily in this case and have no problem re-starting and re-opening discovery for potentially years in the Second Case. There is no valid reason preventing this Court from consolidating the two matters, setting out a clear discovery schedule with proper limitations on what additional discovery is needed, with a clear order limiting the re-opening of discovery and depositions, and getting the rest of this case teed up for a dispositive motion and/or trial. The Court can expeditiously get this entire case moved along without delaying "justice." In fact, the parties could likely accomplish much of the necessary discovery while the pandemic rules of court are still in play. Simply put, consolidation is the fastest road to justice and resolution of this entire matter, not just the portion contained in the First Case. The claim of prejudice and "justice delayed" rings hollow when viewed in the totality of circumstances before the Court and the overwhelming factors supporting consolidation.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order consolidating this case with the Second Case.

DATED this August 3, 2021.

HOLLAND & HART LLP

*/s/ Bryan K. Benard*
Bryan K. Benard
Steven M. Gutierrez
*Attorneys for Defendants*

17141948_v2