UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ADEMOLA ADETULA and HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ADETULA'S SHORT FORM DISCOVERY MOTION (DOC. NO. 183)**<br><br>Case No. 2:18-cv-00612<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Ademola Adetula and Homer Strickland brought this consolidated action against their former employers, United Parcel Service, Inc. and United Parcel Service General Services Co. (collectively, "UPS"). Mr. Adetula and Mr. Strickland allege discrimination based on race, disparate treatment, and retaliation.[1] Mr. Adetula filed a motion to compel UPS to produce documents and provide full and complete interrogatory responses.[2] For the reasons stated at the hearing on October 24, 2022,[3] and explained below, the motion is moot in part, granted in part, and denied in part.

---

[1] (*See* Compl. in Case No. 2:18-cv-00612 ("First Compl.") ¶¶ 76, 139, 142, 153, Doc. No. 2; Compl. in Case No. 2:20-cv-00822 ("Second Compl.") ¶¶ 361–62, 365–66, 382, 399, 415 Doc. No. 2.)

[2] (Pl.'s Expedited Discovery Mot. to Compel ("Mot."), Doc. No. 183.)

[3] (*See* Doc. No. 201.)

1

Mr. Adetula argues UPS's responses to Request for Production ("RFP") Nos. 1–5, 8, 13, 16, 20–25, 27–33, 35, and 37–39 and Interrogatory Nos. 1–2 and 4–5 are incomplete, evasive, and assert meritless objections.[4] Shortly after Mr. Adetula filed his motion, the parties were ordered to meet and confer regarding the disputed issues and to file supplemental briefing.[5] The parties conferred on October 10, 2022, and resolved many disputes raised in the motion.[6] This discovery order reflects the parties' agreements from this October 10 meeting, as presented in supplemental briefing and at the hearing, and the court's ruling on the remaining disputes.

RFP Nos. 1–5, 8, 21, 23–25, 32, and 38 and Interrogatory Nos. 2 and 5

As represented in the supplemental briefing and confirmed by the parties at the hearing, the disputes relating to RFP Nos. 1–5, 8, 21, 23–25, 32, and 38 and Interrogatory Nos. 2 and 5 were resolved at the parties' October 10 meeting.[7] For this reason, the motion is denied as moot as to these requests and interrogatories.

RFP Nos. 16, 27–31, 33, 35 and 39

While the disputes relating to RFP Nos. 16, 27–31, 33, 35, and 39 were not fully resolved at the parties' October 10 meeting, they were discussed at length and the parties reached an

---

[4] (Mot. 2–3, Doc. No. 183.)

[5] (*See* Doc. No. 185.)

[6] (*See* Pl.'s Suppl. Br. 3–4, 6–7, 9–11, Doc. No. 186; Defs.' Suppl. Br. in Opp'n 4, Doc. No. 199.)

[7] (*See* Pl.'s Suppl. Br. 3–4, 6–7, 9–11, Doc. No. 186; Defs.' Suppl. Br. in Opp'n 4, 11, Doc. No. 199.)

2

agreement as to how UPS would proceed with respect to these requests.[8] At the October 24 hearing, the parties supplemented this agreement to include a deadline of November 14, 2022, by which UPS is to produce and/or supplement its responses regarding RFP Nos. 16, 27–31, 33, 35, and 39.[9] In light of the agreement reached by the parties, the motion is denied without prejudice as to RFP Nos. 16, 27–31, 33, 35, and 39. In the event UPS does not produce and/or supplement documents consistent with the parties' agreement, the parties must meet and confer in conformity with Rule 37(a)(1) of the Federal Rules of Civil Procedure[10] and Rule 37-1(a) of the Local Rules of Civil Practice.[11] If disputes still exist after this process, Mr. Adetula may file another motion to compel.

RFP No. 13

RFP No. 13 requests:

> Where supervisors were assigned to special assignments from May 1, 2018 to present, for those in and/or at UPS GBS in Salt Lake City, please provide any and all records and reasons individual employees were chosen for these assignments, including email/phone voicemail records. Please describe any and all reasons why employees are chosen for such assignments and records indicating the employees chosen met those criteria.[12]

UPS objects that the request "is not narrowly tailored given the needs of the case and requires Defendants to 'describe' 'any and all reasons' a person may have been given a special

---

[8] (*See* Pl.'s Suppl. Br. 5, 7–10, Doc. No. 186; Defs.' Suppl. Br. in Opp'n 6, 9, Doc. No. 199; *see also* Ex. B to Defs.' Suppl. Br. in Opp'n, Doc. No. 199-2.)

[9] (*See* Hr'g at 1:02:40–1:02:53 (Oct. 24, 2022) (on file with the court).)

[10] Fed. R. Civ. P. 37(a)(1).

[11] DUCivR 37-1(a).

[12] (Ex. A to Mot., Defs.' Resps. to Pl. Adetula's First Set of RFPs 23, Doc. No. 183-1.)

3

assignment" regardless of whether or not such persons were similarly situated to the plaintiffs.[13] UPS also seeks to limit the production in response to RFP No. 13 to individuals listed in the complaint as having received special assignments.[14]

Mr. Adetula contends the information requested is relevant to rebut UPS's attack on his and Mr. Strickland's job performance, and UPS's claim that their failure to accept special assignments led to a lack of promotion and termination.[15] According to Mr. Adetula, this request is not geographically limited to individuals at the Salt Lake City facility because UPS moved supervisors into Utah and out of Utah for special assignments.[16]

Under Rule 26 of the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[17] Relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[18] RFP No. 13 reasonably could bear on the grounds for Mr. Adetula's and Mr. Strickland's termination—an issue intrinsically related to their claims of discrimination, retaliation, and disparate treatment.

---

[13] (Defs.' Suppl. Br. in Opp'n 9, Doc. No. 199.)

[14] (*Id.* at 9–10; *see also* Second Compl. ¶¶ 171, 175, 275, Doc. No. 2; Pl.'s Suppl. Br. 5, Doc. No 186.)

[15] (*See* Pl.'s Suppl. Br. 4, Doc. No. 186.)

[16] (*Id.* at 5.)

[17] Fed. R. Civ. P. 26(b)(1).

[18] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515-DAK-BCW, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished) (internal quotation marks omitted).

At the hearing, UPS argued the request was overbroad because it was not limited to "similarly situated" employees.[19] Mr. Adetula held a supervisory position while employed by UPS.[20] But by its own terms, RFP No. 13 is limited to supervisors—a limitation Mr. Adetula confirmed at the hearing. Because the information requested in RFP No. 13 is relevant and sufficiently limited, UPS must produce responsive documents by November 14, 2022.

RFP No. 20

RFP No. 20 requests:

> For each employee referenced in Defendants' documents Bates-stamped UPS_2_00068 and UPS_2_00071 (letters dated February 4, 2020) (including all 142 referred to as "laid off" employees and all 313 referred to as "will remain" employees) and in UPS_2_000074 – UPS_2_000082 (lists), please provide data for each employee, including all demographics including, but not limited to: employee name, ID, gender, specific race, date of birth, age, date hired, job title(s), job classification, job facility name and location, date of termination/separation, highest rank attained, number of promotions, promotion dates, whether each employee and who was given the option to transfer or relocate to another facility or

---

[19] To support a claim of disparate treatment, a plaintiff must show they were "similarly situated to [other employees] in all relevant aspects." *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006). Similarly situated employees "must, at the very least, have share[d] the same supervisor or decision maker." *Payan v. United Parcel Serv.*, 792 F. App'x 634, 648 (10th Cir. 2019) (unpublished) (alteration in original) (internal quotation marks omitted). Other factors to consider include whether the employees were subject to the same standards governing performance, evaluation, and discipline in addition to relevant employment circumstances such as work history, company policies, experience, specialized areas of practice, education, and qualifications. *See McGowan*, 472 F.3d at 745; *Bernales v. Cnty. of Cook*, 37 F. App'x 792, 797 (7th Cir. 2002) (unpublished); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997).

[20] (*See* First Compl. ¶¶ 23, 82, Doc. No. 2.)

not, which employee(s) did transfer or relocate and to which other facility and location, etc.[21]

UPS argues RFP No. 20 is improper and overbroad to the extent it seeks information for all UPS employees regardless of whether they were similarly situated to Mr. Adetula.[22] UPS asks for its production to be limited to data for managerial and supervisory employees in the Salt Lake City GBS facility.[23] UPS asserts that even this suggested limitation is broader than required under the "similarly situated" standard.[24] At the hearing, UPS also objected on the grounds that Rule 34 of the Federal Rules of Civil Procedure does not require a responding party to create documents which do not exist.

At core, in RFP No. 20, Mr. Adetula seeks demographic data for the 142 "laid off" employees and 313 "will remain" employees referenced in his termination letter.[25] Mr. Adetula contends this information is relevant and necessary because it "relates to the details and legitimacy of the layoff, decisions, discrimination, and further retaliation" against him and Mr. Strickland, including positions for which they could have applied and those that were denied.[26]

---

[21] (Ex. A to Mot., Defs.' Resps. to Pl. Adetula's First Set of RFPs 30, Doc. No. 183-1.)

[22] (Defs.' Suppl. Br. in Opp'n 10, Doc. No. 199.)

[23] (*Id.*)

[24] (*Id.*); *see also McGowan*, 472 F.3d at 745.

[25] (*See* Pl.'s Suppl. Br. 6, Doc. No. 186.)

[26] (*Id.*)

At the hearing, Mr. Adetula also asserted this information is relevant to his and Mr. Strickland's pretext argument.[27]

Plaintiffs can establish pretext three different ways, by showing: "(1) inconsistent or implausible explanations for discipline, (2) deviation from company policy or protocol, and (3) disparate treatment of similarly-situated employees."[28] The first method requires a showing that the employer provided inconsistent reasons for the employment decision.[29] The second method requires "evidence of not just any procedural shortfall, but of a disturbing procedural irregularity."[30] Only the third method requires "evidence that [Plaintiffs were] treated differently from other similarly-situated, nonprotected employees who violated work rules of comparable seriousness."[31]

UPS's argument that the production should be limited to similarly-situated employees implicates only the third method for establishing pretext, as neither of the other methods require a showing of disparate treatment. The other two methods for showing pretext are broader—and Mr. Adetula is not limited in the method he uses to support his pretext claims. At the very least, information about the employees UPS laid off and those who remained could reveal procedural

---

[27] (*See* Hr'g at 1:03:48–1:27:43 (Oct. 24, 2022) (on file with the court).)

[28] *Payan v. United Parcel Serv.*, 792 F. App'x 634, 644 (10th Cir. 2019) (unpublished); *see also* 45C Am. Jur. 2d Job Discrimination § 2357 (2022) ("'Pretext' for discrimination can be shown in any number of ways, including but not limited to differential treatment of similarly situated employees.").

[29] *Payan*, 792 F. App'x at 645.

[30] *Id.* at 646 (internal quotation marks omitted).

[31] *Id.* (internal quotation marks omitted).

irregularities or policy deviations. But even under the third method of establishing pretext, which requires showing disparate treatment of similarly-situated employees, RFP No. 20 is permissible.

District courts have broad discretion in discovery matters and "discovery in employment discrimination cases depends heavily upon the particular circumstances of the case."[32] Moreover, "discovery in employment cases is not to be narrowly circumscribed and is particularly broad in a Title VII case."[33] Courts have found similar discovery requests relevant and, in some circumstances, necessary, to determine whether other employees were similarly situated for purposes of showing pretext.[34]

For example, in *Manning v. General Motors*,[35] the plaintiff issued an interrogatory and requested documents on every job vacancy at the facility, including job titles and descriptions.[36]

---

[32] *Epling v. UCB Films, Inc.*, Nos. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 2001 WL 584355, at *4 (D. Kan. Apr. 2, 2001) (unpublished).

[33] *Monroe v. City of Lawrence*, No. 13-2086-EFM-TJJ, 2014 U.S. Dist. LEXIS 65473, at *9 (D. Kan. May 13, 2014) (unpublished); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("[D]iscovery in discrimination cases should not be narrowly circumscribed.").

[34] *See Braun v. C.R. Bard, Inc.*, No. 2:18-cv-00823-DB-DAO, 2020 U.S. Dist. LEXIS 129575, at *9 (D. Utah July 21, 2020) (unpublished) (finding certain discovery relevant to whether employees were similarly situated for purposes of showing pretext in a gender discrimination case); *see also Monroe*, 2014 U.S. Dist. LEXIS 65473, at *9 (concluding "[d]iscovery [was] necessary to identify similarly situated employees"); *see also Stainsby v. State ex rel. Okla. Health Care Auth.*, No. CIV-21-1073-D, 2022 U.S. Dist. LEXIS 96582, at *5 (W.D. Okla. May 31, 2022) (recognizing "broad inquiry into employee disciplinary records must be permitted so that Plaintiffs may identify appropriate comparators").

[35] 247 F.R.D. 646 (D. Kan. 2007).

[36] *Id.* at 651.

The defendants argued the requests were "overly broad in organizational scope" since they sought discovery for all employees at the plant "regardless of whether they were salaried or hourly, and without regard to their position, department, supervisor, or medical history."[37] Even though the plaintiff proceeded under a disparate impact theory requiring evidence of similarly-situated employees, the court held the discovery was relevant.[38] Despite the fact that the employees implicated by the discovery request did not all have the same supervisor, the court permitted the discovery under a disparate treatment theory because all the employees were subject to the same ultimate decisionmaker.[39]

The circumstances here are similar. While not all the employees referenced in the "Warn Notice" letters may have had the same direct supervisors, they were likely subject to the same ultimate decisionmaker(s) regarding such largescale layoff decisions.

For these reasons, the motion is granted as to RFP No. 20, with the understanding that UPS need not create documents which do not exist.[40] However, UPS must organize and label any responsive documents to correspond to the categories in the request, consistent with Rule 34

---

[37] *Id.* at 653.

[38] *Id.*

[39] *Id.*

[40] *See C.R. Bard v. Med. Components*, No. 2:12-cv-00032-RJS-DAO, 2021 U.S. Dist. LEXIS 137957, at *4 (D. Utah May 26, 2021) (unpublished) ("Rule 34 does not require the responding party to create or compile documents or reports to respond." (internal quotation marks omitted)); *see also Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576, 2004 U.S. Dist. LEXIS 5988, at *5 (D. Kan. Apr. 8, 2004) (unpublished) ("The court cannot compel the production of documents that do not exist or that are not in the possession, custody or control of the [party].").

of the Federal Rules of Civil Procedure.[41] UPS must produce documents responsive to RFP No. 20 by November 14, 2022.

RFP No. 22

RFP No. 22 requests:

[C]ontents, assertions, and decisions in any 'WARN Notice' of February 4, 2020 (Defendants' documents Bates-stamped UPS_2_00068 and UPS_2_00071 and in UPS_2_ 000074 – UPS_2_000082), including, without limitation, after 'careful consideration and planning', please list the names and job titles of all key participants, including the name and job title of all decision makers, the job facility name and location of each, and provide the resume/CV and Employee Profile/Employee History Profile of each such participant."[42]

UPS objects to this request, again arguing Rule 34 does not require a responding party to create documents which do not exist.[43] Despite its relevance objection, UPS agreed to "search for and produce documents which list the decisionmakers related to the closure of the facility," and UPS asserts it already produced all resulting responsive documents in its possession.[44]

---

[41] Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure provides:

*Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or *must organize and label them to correspond to the categories in the request.*

(emphasis added).

[42] (Ex. A to Mot., Defs.' Resps. to Pl. Adetula's First Set of RFPs 33–34, Doc. No. 183-1.)

[43] (*See* Defs.' Suppl. Br. in Opp'n 11, Doc. No. 199.)

[44] (*Id.*)

Mr. Adetula contends he has a right to know who the decisionmakers were for the layoff which terminated his employment.[45] Mr. Adetula also contends the documents already produced are unresponsive, particularly to the latter portion of the request asking for resumes, CVs, and employment profiles—items which do not require creating new documents.[46]

At the hearing, UPS conceded it overlooked the latter portion of the request, and agreed to supplement with documents responsive to the portion of the request seeking resumes, CVs, and employment profiles.[47] Accordingly, the motion is granted as to RFP No. 22, with the understanding that UPS is not required to create documents which do not exist. But UPS must organize and label any responsive documents to correspond to the categories in the request consistent with Rule 34, as described above.[48] UPS must produce documents responsive to RFP No. 22 by November 14, 2022.

<u>Interrogatory No. 1</u>

Interrogatory No. 1 states, "If not included in the data, 'documents', or 'writings' produced in response to Plaintiff Ademola Adetula's First Set of Requests for Production of Documents served herewith, please state in detail the information requested in Plaintiff's First

---

[45] (*See* Pl.'s Suppl. Br. 7, Doc. No. 186.)

[46] (*See* Hr'g at 1:34:50–1:35:33 (Oct. 24, 2022) (on file with the court).)

[47] (*Id.* at 1:37:30–1:38:31.)

[48] *See* Fed. R. Civ. P. 34(b)(2)(E)(i).

Set of Requests for Production of Documents."[49] At the hearing, UPS argued this request is overbroad, and is equivalent to forty interrogatories.[50]

Mr. Adetula's motion is denied without prejudice as to Interrogatory No. 1. The parties are ordered to meet and confer regarding the scope of Interrogatory No. 1 in light of this order and any additional documents produced by UPS.

Interrogatory No. 4

Interrogatory No. 4 asks UPS to:

Identify by full name, job title, telephone number, address, and email address, each person at the Office of Federal Contract Compliance Programs, U.S. Department of Labor (OFCCP) and/or the United States Equal Employment Opportunity Commission (EEOC) Equal Employment with whom UPS has had contact with respect to the Functional Affirmative Action Program Agreement (Bates-stamped 03418) and/or the 2018 Affirmative Action Program for Women and Minorities UPS 25/16 District (Bates-stamped 03419) (both attached to the Complaint, Ex. 14) as well as for any other such program(s)/plan(s) including from May 1, 2018 to present, such as for 2019, 2020, 2021, and 2022."[51]

At the hearing, UPS conceded it is unsure whether it searched for certain responsive information such as telephone numbers, addresses, and email addresses.[52] Therefore, the motion

---

[49] (Ex. B to Mot., Def.'s Answers to Pl. Adetula's First Set of Interrogs. 3, Doc. No. 183-2.)

[50] (*See* Hr'g at 1:50:20–1:50:43 (Oct. 24, 2022) (on file with the court).)

[51] (*Id.* at 6.)

[52] (Hr'g at 1:45:00–1:47:23 (Oct. 24, 2022) (on file with the court).)

is granted as to Interrogatory No. 4. UPS must conduct a diligent search for responsive information and supplement its response to Interrogatory No. 4 by November 14, 2022.

Attorneys' Fees

Both parties requested reasonable attorneys' fees.[53] Because the motion is granted in part and denied in part, neither party is awarded fees, consistent with Rule 37.[54]

CONCLUSION

Mr. Adetula's discovery motion, (Doc. No. 183), is moot in part, granted in part, and denied in part. As it relates to RFP Nos. 1–5, 8, 21, 23–25, 32, and 38 and Interrogatory Nos. 2 and 5, the motion is DENIED as MOOT. As it relates to RFP Nos. 16, 27–31, 33, 35 and 39, the motion is DENIED without prejudice, based on the agreement the parties reached before the hearing. The motion is DENIED without prejudice as to Interrogatory No. 1, subject to an additional meeting and conferral by the parties. The motion is GRANTED with regard to RFP Nos. 13, 20, 22, and Interrogatory No. 4, and the court ORDERS as follows:

1. UPS must produce documents responsive to RFP No. 13 by November 14, 2022, with the understanding that its production is limited to supervisors given special assignments either into or out of Salt Lake City from May 1, 2018 to the present.

---

[53] (*See* Defs.' Suppl. Br. 4, Doc No. 199; Pl.'s Suppl. Br. 3, Doc. No. 186.)

[54] *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

2. UPS must produce documents responsive to RFP No. 20 by November 14, 2022. UPS need not create documents which do not exist but must organize and label any responsive documents to correspond to the categories in the request.

3. UPS must produce documents responsive to RFP No. 22 by November 14, 2022. UPS need not create documents which do not exist but must organize and label any responsive documents to correspond to the categories in the request.

4. UPS must conduct a diligent search for information responsive to Interrogatory No. 4 and supplement its response by November 14, 2022.

DATED this 1st day of November, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge