UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ADEMOLA ADETULA and HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOC NO. 215) AND PLAINTIFFS' MOTION TO COMPEL (DOC. NO. 219) AS MOOT, AND GRANTING STIPULATED MOTION FOR AMENDED SCHEDULING ORDER (DOC. NO. 223)**<br><br>Case No. 2:18-cv-00612<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Ademola Adetula and Homer Strickland brought this consolidated action against their former employers, United Parcel Service, Inc. and United Parcel Service General Services Co. (collectively, "UPS"). Mr. Adetula and Mr. Strickland allege discrimination based on race, disparate treatment, and retaliation.[1] UPS has filed a motion for a protective order regarding Mr. Adetula and Mr. Strickland's amended Rule 30(b)(6) deposition notice of UPS, Inc.[2] UPS argues the plaintiffs unilaterally scheduled the deposition for a date UPS was

---

[1] (*See* Compl. in Case No. 2:18-cv-00612 ("First Compl.") ¶¶ 76, 139, 142, 153, Doc. No. 2; Compl. in Case No. 2:20-cv-00822 ("Second Compl.") ¶¶ 361–62, 365–66, 382, 399, 415, Doc. No. 2.)

[2] (Defs.' Expedited Mot. for Protective Order re: Pls.' Am. 30(b)(6) Dep. Notice ("Mot. for PO"), Doc. No. 215.)

1

unavailable, then refused to "reasonably agree[] to reschedule" the deposition.[3] UPS seeks a protective order requiring Mr. Adetula and Mr. Strickland to schedule the Rule 30(b)(6) deposition of UPS, Inc. at a "mutually convenient time."[4]

Mr. Adetula and Mr. Strickland oppose the motion,[5] arguing UPS failed to provide alternative dates for the deposition, failed to move for a stay, and caused "great prejudice" to them.[6] Mr. Adetula and Mr. Strickland also filed a motion to compel the Rule 30(b)(6) deposition of UPS, Inc., asking the court to order UPS to fully comply with the amended deposition notice.[7] UPS opposes the motion, renewing the arguments made in its motion for a protective order, and noting the motion is moot where the parties have agreed to conduct the deposition the week of May 8.[8] According to UPS, the parties are working together to schedule additional depositions in May and June 2023[9]—and they filed a stipulated motion to amend the scheduling order, consistent with this agreement.[10]

---

[3] (*Id.* at 2.)

[4] (*Id.*)

[5] (Pls.' Resp., Objs., and Opp'n to Defs.' Expedited Mot. for Protective Order re: Pls.' Am. 30(b)(6) Dep. Notice ("PO Opp'n"), Doc. No. 218.)

[6] (*See generally id.*)

[7] (Pls.' Short Form Expedited Disc. Mot. to Compel 30(b)(6), (2); 34 Dep. of Def., and for Related Relief ("Mot. to Compel"), Doc. No. 219.)

[8] (Defs.' Opp'n to Pls.' Short Form Expedited Disc. Mot. to Compel 30(b)(6), (2); 34 Dep. of Def. ("Opp'n to Mot. to Compel") 7, Doc. No. 222.)

[9] (*Id.*)

[10] (*See* Stip. Mot. to Am. Scheduling Order ("Mot. to Am. SO"), Doc. No. 223.)

Where the parties have reached an agreement in principle regarding the scheduling of the Rule 30(b)(6) deposition, UPS's motion for a protective order[11] and Mr. Adetula and Mr. Strickland's motion to compel[12] are denied as moot. The parties' stipulated motion to amend the scheduling order[13] is granted.

## BACKGROUND

On October 22, 2022, Mr. Adetula and Mr. Strickland unilaterally scheduled the Rule 30(b)(6) deposition of UPS, Inc. for November 16, 2022.[14] UPS objected to the deposition notice on October 24, 2022.[15] After conferring about UPS's objections, Mr. Adetula and Mr. Strickland agreed to withdraw and reschedule the deposition.[16] On February 24, 2023, Mr. Adetula and Mr. Strickland served an amended Rule 30(b)(6) deposition notice for UPS, Inc., unilaterally setting the deposition for March 29, 2023.[17] UPS informed the plaintiffs it was unable to produce a Rule 30(b)(6) witness on this date.[18]

---

[11] (Mot. for PO, Doc. No. 215.)

[12] (Mot. to Compel, Doc. No. 219.)

[13] (Mot. to Am. SO, Doc. No. 223.)

[14] (*See* Mot. for PO 2, Doc. No. 215; PO Opp'n 2, Doc. No. 218.)

[15] (Mot. for PO 2, Doc. No. 215.)

[16] (*See id.*; Ex. B to Mot. for PO, Email Commc'n between Bryan Benard, Kody Condos, and Randy Andrus (Feb. 28, 2023 through Mar. 27, 2023) 1, Doc. No. 215-2.)

[17] (Mot. for PO 2, Doc. No. 215; Ex. A to Mot. for PO, Am. Notice of Dep. of United Parcel Service, Inc., Doc. No. 215-1.)

[18] (*See* Mot. for PO 2, Doc. No. 215; Ex. B to Mot. for PO, Email Commc'n between Bryan Benard, Kody Condos, and Randy Andrus (Feb. 28, 2023 through Mar. 27, 2023) 4, Doc. No. 215-2.)

In the following month, the parties exchanged numerous emails discussing the scheduling of the Rule 30(b)(6) deposition and various other topics.[19] UPS maintained its unavailability on March 29 and inquired into rescheduling the deposition several times.[20] The plaintiffs proposed moving the deposition to the week of April 17, but UPS noted possible conflicts.[21] Mr. Adetula and Mr. Strickland requested an amended scheduling order, but UPS was hesitant to stipulate to a new scheduling order until outstanding discovery issues were resolved.[22] However, after conferring on March 21 and March 23, UPS sent an email stipulating to an amended scheduling order and asking the plaintiffs to move the Rule 30(b)(6) deposition to a mutually agreeable time in May.[23] Plaintiffs' counsel responded on March 27, stating he did not "wish to postpone any discovery without an Amended Scheduling Order"[24] and was unwilling to schedule the deposition after the week of April 17, and asking UPS to confirm whether it would appear for the

---

[19] (*See generally* Ex. B to Mot. for PO, Email Commc'n between Bryan Benard, Kody Condos, and Randy Andrus (Feb. 28, 2023 through Mar. 27, 2023), Doc. No. 215-2.)

[20] (*See id.* at 4–5.)

[21] (*See id.* at 1, 7–8.)

[22] (*Id.* at 4.)

[23] (*See id.*)

[24] (*Id.* at 1.)

March 29 deposition.[25] UPS again confirmed its unavailability for March 29, indicating it would not attend the deposition.[26]

UPS filed its motion for a protective order on March 28.[27] Despite knowing UPS was unavailable, the plaintiffs proceeded with the deposition on March 29,[28] filing a notice of nonappearance when UPS did not appear.[29] On April 4, Mr. Adetula and Mr. Strickland filed their motion to compel the deposition.[30] In its opposition to this motion, UPS indicates counsel have since agreed "upon (a) a new date for the 30(b)[(6)] deposition (during the week of May 8, 2023), (b) a short extension to the scheduling order to complete necessary discovery, and likely, (c) to orderly schedule Plaintiffs' requested additional depositions and Plaintiffs' depositions . . . during May and June 2023."[31]

## ANALYSIS

Where the parties have agreed to reschedule the Rule 30(b)(6) deposition for the week of May 8, 2023, both UPS's motion for a protective order[32] and Mr. Adetula and Mr. Strickland's

---

[25] (*Id.*)

[26] (Opp'n to Mot. to Compel, Doc. No. 222; Ex. A to Opp'n to Mot. to Compel, Email Commc'n between Bryan Benard and Randy Andrus (Mar. 24, 2023 through Mar. 28, 2023), Doc. No. 222-1.)

[27] (Mot. for PO, Doc. No. 215.)

[28] (*See* Ex. B to PO Opp'n, Certificate of Non-Appearance, Doc. No. 218-2.)

[29] (*See* Doc. No. 216.)

[30] (Mot. to Compel 2, Doc. No. 219.)

[31] (Opp'n to Mot. to Compel 6, Doc. No. 222.)

[32] (Doc. No. 215.)

motion to compel[33] are denied as moot with respect to that issue. The only issue remaining relates to the parties' requests for fees and sanctions. Both requests are denied. Neither party has established it is entitled to fees or sanctions, particularly where both parties failed to make reasonable efforts to resolve this dispute before filing their respective motions.[34]

In its motion for a protective order, UPS argues it is entitled to a fee award because the plaintiffs' "failure to schedule depositions at mutually convenient times, unilateral selection of dates, and failure to cooperate in adjusting deposition dates" violates Rule 30 of the Federal Rules of Civil Procedure[35] and the Utah Standards of Professionalism and Civility.[36] Mr. Adetula and Mr. Strickland contend they are entitled to a fee award because UPS failed to appear for the March 29 deposition, "failed to cooperate," and failed to move for a stay pursuant to Rule 30-1 of the Local Rules of Civil Practice.[37] The plaintiffs also argue they are entitled to a fee award related to their motion to compel because, despite their repeated efforts to schedule the

---

[33] (Doc. No. 219.)

[34] *See* DUCivR 37-1(a)(1) ("The parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26-37 before seeking court assistance.")

[35] *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party.").

[36] (Mot. for PO 3, Doc. No. 215.)

[37] (PO Opp'n 2, Doc. No. 218.); *see also* DUCivR 30-1(d) ("A motion for a protective order to stay a deposition automatically stays the deposition only if it is filed by the third business day after service of the deposition notice. The deposition is stayed until the court rules on the motion."). Although UPS did not file a motion for a protective order within the three business days as required for an automatic stay under Local Rule 30-1, plaintiffs' argument falls flat where nothing in the rule prohibits a party from filing a motion for a protective order after the three-day deadline has passed, especially where the parties are engaged in ongoing discussions in an effort to resolve the issue(s), and where they were on notice that UPS would not attend the deposition.

Rule 30(b)(6) deposition, UPS caused prejudice by refusing to schedule or appear for the deposition.[38] UPS argues it is entitled to a fee award related to the motion to compel because the plaintiffs' unilateral scheduling of the deposition violates the Utah Standards of Professionalism and Civility.[39]

Rule 37 governs fee awards under these circumstances,[40] and indicates the court "must not order payment" when a motion is "substantially justified" or when "other circumstances make an award of expenses unjust."[41] The "unjust under the circumstances" exception "is a rather flexible catch-all provision."[42] A determination that fees would be unjust under the circumstances requires the court to consider the attorneys' behavior but does not require bad faith.[43] In this case, awarding fees to either party would be unjust under the circumstances.

Neither party's position is substantially more justified than the other in this dispute, and both parties' efforts fell short. For instance, the plaintiffs' counsel made insufficient efforts to

---

[38] (Mot. to Compel 2, Doc. No. 219.)

[39] (*See generally* Opp'n to Mot. to Compel, Doc. No. 222.)

[40] *See* Fed. R. Civ. P. 37(a)(5) (fee awards for motions to compel); *id.* 37(b)(2)(C) (fee awards for failure to comply with a court order); *id.* 37(d)(1) (sanctions for failure to attend a deposition).

[41] *See* Fed. R. Civ. P. 37(a)(5); *id.* 37(b)(2)(C); *id.* 37(d)(3).

[42] *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 U.S. Dist. LEXIS 112467, at *11 (S.D. Ind. July 6, 2018) (unpublished) (internal quotation marks omitted).

[43] *See Byzantine Catholic Eparchy of Phoenix v. Burri Law PA*, No. CV-20-00779-PHX-RO, 2022 U.S. Dist. LEXIS 153140, at *10 (D. Ariz. June 17, 2022) (unpublished) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994)).

coordinate the Rule 30(b)(6) deposition under the Standards for Professionalism and Civility[44]—especially where the court has previously warned him to strictly comply with these provisions.[45] However, the fact that a party "unilaterally scheduled [a] deposition does not necessarily warrant the issuance of a protective order."[46] While courts "encourage[] counsel to confer prior to the scheduling of depositions in order to minimize expense and inconvenience," "such courtesy" is not "a necessary prerequisite for [a proper] deposition notice."[47]

The parties also share blame in failing to cooperate to reschedule the deposition. For instance, it appears that while UPS informed Mr. Strickland and Mr. Adetula the proposed dates (March 29 and the week of April 17) would not work for the deposition, it failed to provide alternative dates before the close of fact discovery on April 24. On the other hand, Mr. Strickland and Mr. Adetula proposed a single alternative date for the deposition (the week of April 17), then proceeded with the March 29 deposition despite knowing of UPS's unavailability. This is inconsistent with the requirements of Local Rule 37-1.[48]

---

[44] *See Utah Standards of Prof'lism & Civility* ¶ 15, https://www.utcourts.gov/en/about/courts/sup/civility.html ("Lawyers shall endeavor to consult with other counsel so that depositions, hearings, and conferences are scheduled at mutually convenient times . . . [and] shall cooperate in making any reasonable adjustments.").

[45] (*See* Mem. Decision and Order 5, Doc. No. 71 (warning plaintiffs' counsel to "strictly comply with Standard 15 of the Utah Standards of Professionalism and Civility).)

[46] *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, Case No. 06-4105-JAR, 2007 U.S. Dist. LEXIS 36419, at *7 (D. Kan. Jan. 17, 2007) (unpublished) (internal quotation marks omitted).

[47] *Id.* at *7–8.

[48] *See* DUCivR 37-1(a)(1).

Where the parties failed to meaningfully work together in good faith to resolve this simple scheduling dispute before filing their respective motions, awarding fees to any party would be unjust under the circumstances, and both parties' requests for fees are denied. Additionally, the parties' requests for sanctions are entirely unfounded. Mr. Adetula and Mr. Strickland submitted a proposed order with their motion to compel seeking terminating sanctions under Rule 37 of the Federal Rules of Civil Procedure, but never raised the issue in a motion.[49] Where Mr. Adetula and Mr. Strickland provided no argument as to why sanctions are warranted and raised the issue for the first time in a proposed order, their request is improper and lacks justification.[50] UPS responded by making an equally improper and unjustified request for sanctions in its opposition.[51] Both requests are denied.

## CONCLUSION

Where the parties have agreed to reschedule the Rule 30(b)(6) deposition for the week of May 8, UPS's motion for a protective order[52] and Mr. Adetula and Mr. Strickland's motion to compel[53] are denied as moot as to that issue. But where both parties failed to make reasonable efforts to resolve this scheduling dispute prior to filing the instant motions, the parties' requests

---

[49] (*See* Proposed Order, Doc. No. 219-6); *see also* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii) (listing sanctions available for failure to obey a discovery order, including default judgment).

[50] *See Roth v. Green*, 466 F.3d 1179, 1182 (10th Cir. 2006) ("Fed. R. Civ. P. 11 provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief in another motion.").

[51] (*See* Opp'n to Mot. to Compel 3, 7, Doc. No. 222); *see also Roth*, 466 F.3d at 1182.

[52] (Doc. No. 215.)

[53] (Doc. No. 219.)

9

for fees and sanctions are denied. The parties have indicated the Rule 30(b)(6) deposition will occur the week of May 8, 2023. Within seven days of this order, the parties are ordered to meaningfully meet and confer and finalize a mutually convenient date and time for the Rule 30(b)(6) deposition of UPS, Inc.

The stipulated motion to amend the scheduling order[54] is granted and an amended scheduling order is entered concurrently with this order.

DATED this 21st day of April, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[54] (Doc. No. 223.)