UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ADEMOLA ADETULA; and HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; and DOES 1 through 50, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EXPEDITED MOTION FOR PROTECTIVE ORDER (DOC. NO. 265)**<br><br>Case No. 2:18-cv-00612<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Ademola Adetula and Homer Strickland brought this consolidated action against their former employers, United Parcel Service, Inc., and United Parcel Service General Services Co. (collectively, "UPS"). Plaintiffs allege discrimination based on race, disparate treatment, and retaliation.[1] UPS filed a motion for a protective order, seeking to prevent Plaintiffs from deposing eight current and former UPS employees.[2] UPS argues the potential deponents are protected by the apex doctrine, which protects high-ranking corporate executives

---

[1] (*See* Compl. ¶¶ 76, 139, 142, 153, No. 2:18-cv-00612, Doc. No. 2; Compl. ¶¶ 361–62, 365–66, 382, 399, 415, No. 2:20-cv-00822, Doc. No. 2.)

[2] (Defs.' Expedited Mot. for Protective Order 1 ("Mot."), Doc. No. 265.) The individuals Plaintiffs seek to depose are Sue Schmidlkofer, Joe Doole, Denise Foster, Suzanne Leopoldi-Nichols, Tamara Caldwell, Justine Turpin, Veronica Vargas, and Elias Hakim. (*See* Pls.' Resp. and Opp'n to Defs.' Expedited Mot. for Protective Order ("Opp'n") 7–10, Doc. No. 269.)

from the burdens of a deposition in certain circumstances.[3] Plaintiffs oppose the motion, claiming the individuals are not high-ranking executives and are not protected by the apex doctrine.[4] Plaintiffs further contend that even if the apex doctrine applies, the individuals can still be deposed because they have personal and unique knowledge relevant to the case.[5]

After holding a hearing on the motion, the court permitted the parties to submit supplemental evidence in support of their arguments.[6] Where UPS has failed to show the apex doctrine applies to any of the potential deponents, the motion is denied as to the seven deponents besides Mr. Hakim. The motion is granted as to Mr. Hakim because Plaintiffs have not provided any reason for deposing him a second time.

## LEGAL STANDARDS

Rule 26(c) of the Federal Rules of Civil Procedure permits courts, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[7] Courts may also limit discovery *sua sponte* if they determine "the

---

[3] (Mot. 5–9, Doc. No. 265.)

[4] (Opp'n 6, Doc. No. 269.)

[5] (*See id.* at 2.) UPS also argued the deposition subpoenas, issued by the United States District Court for the Northern District of Georgia, were procedurally defective. (Mot. 10, Doc. No. 265.) But as counsel for UPS acknowledged at the hearing, any challenge to these subpoenas must be brought in the district where compliance is required—the Northern District of Georgia. See Fed. R. Civ. P. 45(d)(3). Accordingly, the court does not address this argument.

[6] (*See* Min. Entry, Doc. No. 276.) Both parties submitted supplemental evidence. (*See* Notice of Suppl. Evid. in Supp. of Defs.' Expedited Mot. for Protective Order, Doc. No. 282; Pls.' Additional Evid. in Supp. of Args. in their Prior Briefing, Doc. No. 283.)

[7] Fed. R. Civ. P. 26(c)(1).

2

discovery sought is unreasonably cumulative or duplicative."[8]  The scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[9]

If a party shows an employee is at the "apex" of a corporation, that party may prevent the deposition of the employee under the apex doctrine.[10]  Specifically, the apex doctrine permits courts to protect high-level corporate executives from the burdens of a deposition when any of the following circumstances exist:

> (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company.[11]

If the party seeking to prevent the deposition shows the apex doctrine applies, the party seeking to depose must make a "showing that the executive has unique personal knowledge of some relevant issues."[12]  "Upon such a showing, the burden shifts to the executive to demonstrate by evidence that he in fact has no unique personal knowledge or that there exists one of the other three circumstances under which requiring him to sit for a deposition is inappropriate."[13]

---

[8] Fed. R. Civ. P. 26(b)(2)(C)(i).

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Cunagin v. Cabell Huntington Hosp., Inc.*, No. 3:19-cv-00250, 2021 U.S. Dist. LEXIS 73843, at *8 (S.D.W. Va. Apr. 16, 2021) (unpublished).

[11] *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 11-cv-01528, 2011 U.S. Dist. LEXIS 68940, at *3 (D. Colo. June 27, 2011) (unpublished).

[12] *Id.* at *4 (internal quotation marks omitted).

[13] *Id.* at *6.

## THE POTENTIAL DEPONENTS

Plaintiffs seek to depose eight current and former UPS employees:[14]

- Sue Schmidlkofer, the current Director of Inclusion and Diversity.

- Joe Doole (retired), the former Vice President of Human Capital.

- Denise Foster, the current Vice President of Human Resources.

- Suzanne Leopoldi-Nichols (resigned), the former President of Global Business Services.

- Tamara Caldwell (retired), the former Director of Human Resources.

- Justine Turpin, the current U.S. Vice President of Human Resources.

- Veronica Vargas, the current Corporate Workforce Strategy Manager.

- Elias Hakim (retired), the former Vice President of Operations for UPS Global Business Services. Mr. Hakim was previously deposed in this matter in November 2019, eight months after his retirement.[15] UPS submitted a declaration from Mr. Hakim in which he states he has had no interaction with Plaintiffs since his previous deposition.[16]

All of these employees work or worked in UPS's corporate headquarters in Atlanta, Georgia, and UPS contends none of them have unique, personal knowledge of Plaintiffs or their claims.[17]

---

[14] (*See* Mot. 2, Doc. No. 265.)

[15] (*Id.* at 9.)

[16] (*Id.*; *see also* Ex. 7 to Defs.' Notice of Suppl. Evid., Decl. of Elias Hakim 2, Doc. No. 282-7.)

[17] (Mot. 7, Doc. No. 265.)

**ANALYSIS**

The apex doctrine applies only to corporate executives at the "highest level"[18] of a corporation's structure—hence the name "apex." "Typically, 'apex' deponents have included officials at the highest level of a corporation or government; such as, governors, cabinet members, chief executive officers, chief financial officers, and members of a corporation's board of directors."[19] When a party fails to establish a potential deponent is a high-ranking executive, that deponent will not be protected by the apex doctrine, and the deposition may proceed unless otherwise prohibited.[20]

UPS has failed to demonstrate any of the potential deponents are high-ranking executives subject to apex protection or that their depositions are otherwise improper. UPS argues the apex doctrine applies because these individuals are "high ranking current or former UPS executives."[21] Plaintiffs respond that the individuals "are not at the highest executive levels of UPS," because they are at lower "pay band levels" than the CEO and top executives.[22] UPS does not contest this evidence, nor does it offer substantive argument as to why these individuals are akin to "chief executive officers, chief financial officers, and members of a corporation's

---

[18] *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, at *8 (N.D. Cal. Jan. 24, 2007) (unpublished).

[19] *Cunagin*, 2021 U.S. Dist. LEXIS 73843, at *10.

[20] *See id.* at *9 (citing *Est. of Silva v. City of San Diego*, No. 18cv2282-L (MSB), 2021 U.S. Dist. LEXIS 11961, at *2 (S.D. Cal. Jan. 21, 2021) (unpublished)).

[21] (Mot. 5, Doc. No. 265.)

[22] (Opp'n 6–10, Doc. No. 269 (arguing the proposed deponents fall at pay levels 30, 40, and 50, while top executives fall at pay levels of 70, 80, and above).)

board of directors," to whom the apex doctrine typically applies.[23] Instead, UPS merely provides the potential deponents' job titles (none of which equate to a CEO or board member), and declarations stating how many employees report to each individual or that their positions are "senior director-level" positions.[24] But an employee does not become a CEO-level executive simply because she has a large number of people reporting to her. And UPS's characterizations of job titles mean little in the absence of evidence showing where these individuals actually fit into the organizational structure.[25]

During the hearing on this motion, the court repeatedly asked UPS why the apex doctrine applies to the potential deponents, noting the lack of evidence regarding their roles within the

---

[23] *Cunagin*, 2021 U.S. Dist. LEXIS 73843, at *10. Instead of addressing the applicability of the apex doctrine, UPS focuses on whether the potential deponents have unique, relevant knowledge. (*See* Mot. 5–9, Doc. No. 265.) But this puts the second step before the first; the question of knowledge only arises if the apex doctrine applies. *Est. of Silva*, 2021 U.S. Dist. LEXIS 11961, at *6 ("To invoke the protection of the apex doctrine, the party resisting discovery must first demonstrate he or she is a high-ranking official.").

[24] (*See* Ex. 1 to Defs.' Notice of Suppl. Evid., Decl. of Sue Schmidlkofer ¶ 3, Doc. No. 282-1; Ex. 2 to Defs.' Notice of Suppl. Evid., Decl. of Joe Doole ¶¶ 3–4, Doc. No. 282-2; Ex. 3 to Defs.' Notice of Suppl. Evid., Decl. of Denise Foster ¶¶ 3–9, Doc. No. 282-3; Ex. 4 to Defs.' Notice of Suppl. Evid., Decl. of Suzanne Leopoldi-Nichols ¶¶ 4–5, Doc. No. 282-4; Ex. 5 to Defs.' Notice of Suppl. Evid., Decl. of Tamara L. Caldwell ¶¶ 3–4, Doc. No. 282-5; Ex. 6 to Defs.' Notice of Suppl. Evid., Decl. of Justine Turpin ¶¶ 3–7, Doc. No. 282-6; Ex. 7 to Defs.' Notice of Suppl. Evid., Decl. of Elias Hakim ¶¶ 3–4, Doc. No. 282-7.) UPS did not submit a declaration from Ms. Vargas.

[25] *See Cunagin*, 2021 U.S. Dist. LEXIS 73843, at *10 (finding Director of Risk Management at defendant corporation was not at the "apex" because defendant "provide[d] no proof of where [the potential deponent] falls within" the corporate structure); *see also Sanchez v. GP Transp. Co.*, No. 5:21CV130, 2022 U.S. Dist. LEXIS 242477, at *5–6 (N.D.W. Va. May 23, 2022) (unpublished) ("[T]he Court is not convinced that [corporation's Senior Vice President of Operations and Vice President of Operations] are the 'high-ranking' officials contemplated by the apex deposition rule. Neither is CEO, CFO, COO, or anything of the like.").

corporation. Counsel for UPS stated the individuals were "high-ranking" and "national" employees, but gave no substantive explanation as to where these employees fit into UPS's organizational chart, or why they should be considered employees at the apex of the company. And despite submitting additional evidence after the hearing, UPS still neglected to provide an organizational chart[26] or any meaningful information or evidence of the individuals' positions at UPS—other than numerical figures of how many employees "report to" each potential deponent and broad assertions that they hold "director-level" positions.

It is true, in a previous ruling in this case, the court applied the apex doctrine to three of the same potential deponents at issue here.[27] But at that time, no party raised the issue of whether the apex doctrine applied to these individuals; thus, it was not briefed, argued, or considered by the court. Instead, the parties merely disputed whether the individuals had unique, personal knowledge sufficient to allow their depositions.[28] Where Plaintiffs now raise the issue in briefing, the parties argued the issue at the hearing, and both parties were permitted to (and

---

[26] UPS failed to submit an organizational chart, despite stating, at the hearing, it would be "happy to" submit one.

[27] (*See* Mem. Decision and Order 3, Doc. No. 71) (finding the apex doctrine prevented Plaintiffs from deposing Mr. Doole and Ms. Turpin, but not Mr. Hakim, because Plaintiffs failed to show Mr. Doole and Ms. Turpin had unique, personal knowledge about the claims and defenses in this action).)

[28] (*See* Defs.' Mot. for Protective Order, Doc. No. 57 (arguing solely about whether the individuals in question have unique, personal knowledge); Pls.' Opp'n to Defs.' Mot. for Protective Order, Doc. No. 60 (same); Defs.' Reply in Supp. of Mot. for Protective Order, Doc. No. 65 (same).)

did) submit additional evidence on the issue, it is fully developed and ripe for determination.[29] And UPS has simply failed to show the apex doctrine applies to any of the potential deponents or to offer other arguments in favor of a protective order.

Accordingly, Plaintiffs may depose the individuals at issue—with the exception of Mr. Hakim. There is an independent basis for preventing the deposition of Mr. Hakim. Mr. Hakim was already deposed in November 2019, and Plaintiffs have not shown another deposition is warranted.[30] For instance, Plaintiffs have made no showing that Mr. Hakim obtained any new, relevant knowledge after his previous deposition. (While Plaintiffs seem to suggest Mr. Hakim has new knowledge,[31] they provide no evidence to support their bald assertions.) Where Mr. Hakim's second deposition is unjustified, it would be "unreasonably cumulative or

---

[29] Courts are free to reconsider prior findings. *See Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015) (noting "courts generally remain free to reconsider their earlier interlocutory orders" and, when deciding whether to do so, should consider "how thoroughly the earlier ruling addressed the specific findings or conclusions"). In this case—where the parties did not brief or argue the applicability of the apex doctrine previously, and the court did not address the issue in its order—to the extent there was a finding that the apex doctrine applies, there is good reason to reconsider it.

[30] *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring leave of the court to conduct a deposition of a witness who has previously been deposed in the case); *see also Ironstone Condos. at Stroh Ranch Owners Ass'n v. Peerless Indem. Ins. Co.*, No. 12-cv-03160, 2014 U.S. Dist. LEXIS 17858, at *3 (D. Colo. Feb. 7, 2014) (unpublished) ("As a general rule, the court will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so.").

[31] (*See* Opp'n 9, Doc. No. 289 ("Mr. Hakim's deposition was taken on November 7, 2019; however, things changed, got worse. Defendants and Mr. Hakim were scheming, selecting, and subjecting [Plaintiffs] to further retaliation and adverse action including termination.").)

duplicative,"[32] and Plaintiffs may not depose him again at this stage. UPS's motion is granted as to Mr. Hakim and denied as to the other potential deponents.

## CONCLUSION

Because UPS has failed to demonstrate the potential deponents are "apex" employees or that their depositions would otherwise be improper, Plaintiffs may depose all the individuals[33] at issue except Mr. Hakim. Because Plaintiffs fail to provide a basis for deposing Mr. Hakim a second time, they may not do so. Where the motion[34] is denied in part and granted in part, neither party is awarded fees. Each party is apportioned its own fees and costs.[35]

DATED this 29th day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[32] Fed. R. Civ. P. 26(b)(2)(C)(i).

[33] Plaintiffs may depose Sue Schmidlkofer, Joe Doole, Denise Foster, Suzanne Leopoldi-Nichols, Tammy Caldwell, Justine Turpin, and Veronica Vargas.

[34] (Doc. No. 265.)

[35] *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").