UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ADEMOLA ADETULA; and HOMER STRICKLAND,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; and DOES 1 through 50, inclusive,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' RULE 37 MOTION TO COMPEL RULE 35 EXAMINATIONS (DOC. NO. 324)**<br><br>Case No. 2:18-cv-00612<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Ademola Adetula and Homer Strickland brought this consolidated action against their former employers, United Parcel Service, Inc., and United Parcel Service General Services Co. (collectively, "UPS"). Plaintiffs raise several causes of action, alleging discrimination based on race, disparate treatment, and retaliation.[1] Because Plaintiffs claim intentional infliction of emotional distress and seek damages for emotional suffering,[2] UPS moves to compel Plaintiffs to submit to psychological examinations

---

[1] (*See* Compl. ¶¶ 140–216, Doc. No. 2; Compl. ¶¶ 363–455, Doc. No. 2, *Adetula et al v. United Parcel Serv. et al.*, No. 2:20-cv-00822 (D. Utah. Nov. 20, 2020) (consolidated into the instant case in January 2022).)

[2] (*See* Compl. ¶¶ 151, 162, 178, 193, 208–216 Doc. No. 2 (bringing intentional and negligent infliction of emotional distress claims, and otherwise seeking damages for emotional pain and suffering); Compl. ¶¶ 361–62, 374, 391, 407, 423, 435, 450–55, Doc. No. 2, *Adetula et al v. United Parcel Serv. et al.*, No. 2:20-cv-00822 (D. Utah. Nov. 20, 2020) (consolidated complaint) (bringing intentional infliction of emotional distress claim and otherwise seeking damages for emotional pain and suffering).)

1

pursuant to Rule 35 of the Federal Rules of Civil Procedure.[3]  Plaintiffs oppose UPS's motion, arguing the request comes too late in the case.[4]  Where UPS fails to explain its delay in seeking Rule 35 examinations, its motion is denied.

## ANALYSIS

Under Rule 35 of the Federal Rules of Civil Procedure, a court may order "a party whose mental of physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[5]  To obtain a Rule 35 examination, the moving party must show "good cause."[6]  In this case, no good cause supports Rule 35 examinations at this late stage.

UPS filed its motion to compel Rule 35 examinations a month after the close of fact discovery (which has been extended several times) and on the eve of the close of expert discovery.[7]  UPS nevertheless contends its request is timely, where it was made

---

[3] (Defs.' Rule 37 Mot. to Compel Rule 35 Examinations ("Mot."), Doc. No. 324.)

[4] (Pls.' Resp., Objs., and Opp'n to Defs.' Rule 37 Mot. to Compel Rule 35 Examinations ("Opp'n"), Doc. No. 326.)

[5] Fed. R. Civ. P. 35(a)(1).

[6] Fed. R. Civ. P. 35(a)(2)(A).  Courts have broad discretion in deciding whether to permit Rule 35 examinations, including discretion to deny untimely requests for examination. *See, e.g.*, *McLachlan v. Granite Sch. Dist.*, No. 2:16-cv-00405, 2017 U.S. Dist. LEXIS 147551, at *2–3 (D. Utah Sept. 12, 2017) (unpublished) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964)).

[7] (*See* Am. Scheduling Order, Doc. No. 317 (providing fact discovery closed on July 31, 2024, and expert discovery closed on September 24, 2024); *see also* Doc. Nos. 182, 203, 225, 259, 264, 279 (granting discovery extensions).)  UPS initially filed a motion seeking to compel Rule 35 examinations on August 29, 2024, but the motion was denied without prejudice due to procedural defects.  (*See* Defs.' Mot. to Compel a Rule 35 Examination, Doc. No. 320; Docket Text Order, Doc. No. 321.)  Even so, UPS's motion was filed roughly a month after the close of fact discovery and near the close of expert discovery.

2

before the deadline for expert counter disclosures and reports.[8]  Plaintiffs argue UPS should have sought Rule 35 examinations during fact discovery, particularly where Plaintiffs' medical conditions have been at issue since the inception of this case.[9]  The parties also disagree on UPS's proposed manner of examination.[10]

Courts are widely split regarding the proper timeline for seeking Rule 35 examinations.  Some courts specify that Rule 35 examinations should be completed during fact discovery.[11]  Other courts permit Rule 35 examinations within the deadline for expert reports (which typically falls after the close of fact discovery).[12]  Still other courts authorize Rule 35 examinations even after the expert discovery deadline, finding

---

[8] (Mot. 1, Doc. No. 324.)

[9] (Opp'n 4–6, Doc. No. 326.)

[10] (*See id.* at 5; Mot. 3–4, Doc. No. 324.)  Where UPS has not met Rule 35's good cause requirement, the court need not evaluate the proposed manner of examination. *See* Fed. R. Civ. P. 35(a)(2) (providing an order permitting an examination "must specify the time, place, manner, conditions, and scope of the examination").

[11] *See, e.g.*, *Bingham v. Progressive Com. Cas. Co.*, No. 1:22-cv-00148, 2023 U.S. Dist. LEXIS 229907, at *6 (D. Utah Dec. 27, 2023) (unpublished) (extending fact discovery deadline to accommodate Rule 35 examination); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 U.S. Dist. LEXIS 227832, at *7 (N.D. Fla. Dec. 4, 2020) (collecting cases and explaining "[t]he greater, more persuasive weight of authority establishes that Rule 35 examinations must take place before the fact discovery deadline").

[12] *See, e.g.*, *Ashike v. Mullen Crane & Transp. & Brock Farnsworth*, No. 2:12-cv-11, 2013 U.S. Dist. LEXIS 196403, at *5–6 (D. Utah May 31, 2013) (unpublished) (rejecting argument that Rule 35 examinations must take place during fact discovery, and noting "the Court believes this Rule 35 examination [constitutes] expert discovery") *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418–20 (S.D. Tex. 2012) (finding examination request untimely because the movant "showed a lack of diligence by seeking a Rule 35 examination after the Rule 26 deadline to designate experts and produce reports").

they "proceed independently of Rule 26(a)(2)."[13] The Tenth Circuit Court of Appeals has not yet addressed the issue of timing. However, across the various approaches, one common principle persists: whether to permit a Rule 35 examination is a "fact-specific and context-dependent" inquiry.[14]

Under the circumstances here—regardless of which approach the court follows—UPS has not shown good cause for Rule 35 examinations at this late stage. UPS has been on notice since the beginning of this case that Plaintiffs' mental conditions were at issue.[15] Plaintiffs' complaint (both the initial complaint and the consolidated complaint) contains claims for infliction of emotional distress, and Plaintiffs seek damages for emotional suffering.[16] UPS contends recent discovery has provided "additional insight into Plaintiffs' allegations of and proffered evidence for their claims of emotional distress

---

[13] *See, e.g.*, *Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 414 (S.D. Ohio 2007) (holding Rule 35 examinations "proceed independently of Rule 26(a)(2)," and the deadline for expert reports does not apply to Rule 35 reports).

[14] *See Creech v. Stryker Corp.*, No. 2:07-cv-00022, 2012 U.S. Dist. LEXIS 1969, at *31 (D. Utah Jan. 6, 2012) (unpublished) (declining to permit a Rule 35 examination "on the eve of trial" because the movant already had "all of the information it needs to rebut [the plaintiff's psychological damages expert]").

[15] *See Miksis v. Howard*, 106 F.3d 754, 758–59 (7th Cir. 1997) (affirming denial of post-fact-discovery request for a Rule 35 examination where "Defendants knew from day one that Plaintiff's medical condition was an issue"); *cf. Kaplan v. Palm Beach Pops*, No. 10-80227-CIV, 2011 U.S. Dist. LEXIS 168925, at *6–7 (S.D. Fla. May 17, 2011) (unpublished) (distinguishing *Miksis* and allowing Rule 35 examination after fact discovery, because the need for the examination was not apparent until after fact discovery closed).

[16] (*See* Compl. ¶¶ 151, 162, 178, 193, 208–16 Doc. No. 2 (bringing intentional and negligent infliction of emotional distress claims, and otherwise seeking damages for emotional pain and suffering); Compl. ¶¶ 361–62, 374, 391, 407, 423, 435, 450–55, Doc. No. 2, *Adetula et al v. United Parcel Serv. et al.*, No. 2:20-cv-00822 (D. Utah. Nov. 20, 2020) (consolidated complaint) (bringing intentional infliction of emotional distress claim and otherwise seeking damages for emotional pain and suffering).)

and mental anguish,"[17] but UPS does not identify this "insight" or explain why the need for Rule 35 examinations was not apparent until now.[18] And while UPS argues it needs the examinations to rebut Plaintiffs' emotional damages expert, Plaintiffs designated this expert in November 2019—*nearly five years ago*—and expressly stated he would testify regarding Plaintiffs' "emotional and psychological damages and injuries."[19] In other words, UPS's justification is unsupported.

Finally, the court has repeatedly stated its disinclination to further extend discovery, and the parties have been warned several times to file discovery motions "well within the discovery period so they can be addressed before the discovery deadline."[20] Under these circumstances, UPS has failed to show good cause for seeking Rule 35 examinations at this late juncture.[21]

---

[17] (Mot. 3, Doc. No. 324.)

[18] *See McLachlan*, 2017 U.S. Dist. LEXIS 147551, at *3–5 (finding the defendants failed to justify seeking a Rule 35 examination at the end of discovery, even accepting the defendant's argument that the plaintiff's medical condition was not put in controversy until two months before the defendants sought the examination).

[19] (*See* Pls.' Prelim. Disclosure of Expert Test. 7–10, Doc. No. 78 (designating an expert to testify regarding Plaintiffs' "emotional and psychological damages and injuries").) Plaintiffs' supplemental expert disclosures also identified this expert and again stated he would testify about emotional and psychological damages. (*See* Doc. Nos. 106, 319.)

[20] (*See* Am. Scheduling Order, Doc. No. 203 (stating "it is unlikely the [discovery] deadlines below will be further extended," and "[a]ny discovery disputes should be brought well within the discovery period so they can be addressed before the discovery deadline"); Doc. Nos. 182, 225, 259, 264, 317 (same).)

[21] *See, e.g.*, *Miksis*, 106 F.3d at 758–59 (affirming denial of post-fact-discovery request for a Rule 35 examination where "Defendants knew from day one that Plaintiff's medical condition was an issue").

CONCLUSION

Where UPS has not shown good cause for Rule 35 examinations at this late stage in the case, UPS's motion[22] is denied. Because UPS has failed to show good cause for the examinations, its request to extend the deadline for rebuttal expert reports (to accommodate the report of the proposed examiner) is also denied.[23] Finally, Plaintiffs' request for attorney's fees is denied.[24] While UPS has failed to show good cause, UPS was substantially justified in seeking the examinations, where Plaintiffs' conditions are undisputedly at issue in this case.[25]

DATED this 16th day of October, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[22] (Mot., Doc. No. 324.)

[23] (*See id.* at 1, 5 (requesting extension).)

[24] (*See* Opp'n 6, Doc. No. 326 (requesting fees pursuant to Rule 37).)

[25] *See* Fed. R. Civ. P. 37(a)(5)(B) (providing, if a motion to compel discovery is denied, a court must award fees unless "the motion was substantially justified or other circumstances make an award of expenses unjust").