Matthew L. Lalli (6105)
Ryan S. Alba (17557)
**SNELL & WILMER L.L.P.**
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1547
Telephone: 801.257.1900
Facsimile: 801.257.1800
mlalli@swlaw.com
ralba@swlaw.com

Jennifer R. Yee (*Pro hac vice)*
**SNELL & WILMER L.L.P.**
One East Washington Street #2700
Phoenix, AZ 85004
Telephone: (602) 382-6565
jryee@swlaw.com

*Attorneys for Defendants United Parcel Service, Inc. and United Parcel Service General Services Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ADEMOLA ADETULA;<br>HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00612-HCN-DAO<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TRIAL EXHIBITS 84 AND 107**<br><br>**[MIL 6]**<br><br>Honorable Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |
| ADEMOLA ADETULA;<br>HOMER STRICKLAND, | ***Consolidate With***<br><br>Case No. 2:20-cv-0822-HCN-DAO |

| | |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | |

Pursuant to DUCivR 7-1, Defendants United Parcel Service, Inc., and United Parcel Service General Services Co. (collectively, "**Defendants**"), by and through counsel, hereby move, *in limine*, to exclude from admission at trial Plaintiffs' proposed trial Exhibits 84 and 107, which were previously identified as Exhibits 14 and 16 in the Appendices to *Plaintiffs' Opposition to Defendants' Motion for Summary Judgment* [Dkt. 338] ("**Opposition**")— ("**Motion**"). Defendants further request that the Court preclude any reference to these exhibits before the jury absent a foundational proffer made outside the jury's presence.

## I. BACKGROUND

Exhibit 84 is a chain of internal UPS emails dated June 28, 2018, between Elias Hakim, Jeff Lynch, and Brian Doherty concerning Plaintiff Ademola Adetula ("**Adetula**"). The June 28, 2018 email forwards notes from Adetula's then-Manager, Thaddaeus Lounds ("**Lounds**"), regarding his conversation with Adetula the same day. Lounds explains his interactions with Adetula which Lounds characterizes as Adetula being purposefully non-communicative and insubordinate to Lounds as his Manager. Upon receipt of the Lounds notes forwarded by Jeff Lynch (SLC GBS Site Director), Elias Hakim (Vice President of Operations for GBS) states "I do want to make sure we are following the progressive disciplinary path since it now is the 5th time." *See* Plaintiff's Exhibit 84**,** attached hereto as **Exhibit A**.

Exhibit 107 contains an email exchange among then-UPS executives Larry Darrow, Scott Price, and Suzanne Leopoldi-Nichols on July 15, 2018. The original exhibit, Exhibit 16, attaches a collection of other documents including organizational charts, a news article, a photograph, and profiles of Supervisors. Exhibit 107 includes a statement from Larry Darrow to Scott Price on July 15, 2018 in which Mr. Prices states "[u]nless I read this wrongly, legal needs to support a plan to terminate this person." Substantial portions are designated CONFIDENTIAL and were filed under seal, as shown by the placeholder page with the following disclaimer: "Redacted Version Sealed Exhibit 16." *See* Plaintiff's Exhibit 107*,* attached hereto as **Exhibit B**.

In their summary judgment opposition, Plaintiffs relied on the above-quoted comments from June-July 2018 to argue, among other things, that Adetula's layoff two years later in May 2020 was in retaliation for Adetula making complaints of discrimination in 2018. Although the chronology and substance of these comments in no way indicate retaliation two years later, the Court relied on Exhibits 84 and 107 to deny UPS summary judgment on Plaintiffs' retaliation claims. *See* Hearing Transcript at 5:21–25 ("An e-mail chain from July 14th to 15th, 2019 [sic] concerning Mr. Adetula's complaints and continued employment at UPS. That's Exhibit 16 [Trial Exhibit 107] at pages 1 through 2. Another e-mail chain from June 28th, 2018 detailing a write-up of Mr. Adetula by Mr. Lounds. That's Exhibit 14 [Trial Exhibit 84]."); *see id.* at 22:2–10 ("What is more, the e-mail chains show the Corporate President of Global Business Services, Larry Darrow, raised Mr. Adetula's history of complaints and then stated that '[i]t's best if we discuss the details in person.' That's Exhibit 16 [Trial Exhibit 107] at page 1. And UPS's President of International Operations and Chief Strategy and Transformation Officer, Scott Price, understood this as a directive to 'legal' to 'support a plan to terminate this person.' That's the same exhibit at

page 2."); *see id*. at 22:16–21 ("Taken together with the evidence offered in the original case, I conclude that the Plaintiffs' new evidence easily suffices to create a genuine dispute of material fact that defeats UPS's motion for summary judgment on the Plaintiffs' retaliation claims under Title VII, Section 1981, ADEA, and the FMLA.") Plaintiffs presumably will seek to admit these exhibits into evidence at trial for the same purpose.

However, Exhibits 84 and 107 should not be admissible at trial because Plaintiffs have identified no trial witness who will appear live at trial to sponsor, authenticate, or provide foundational testimony regarding either exhibit. While it is true that Plaintiffs have identified Elias Hakim, Jeff Lynch, and Brian Doherty (the three individuals named in Exhibit 84) on their witness list, Plaintiffs have marked all three of these individuals as "may call" witnesses and designated their deposition testimony. *See Plaintiffs' Pretrial Disclosures dated 8/17/26*, attached hereto as **Exhibit C.** This means none of the three individuals will be live at trial, and more damning, none of the three individuals authenticated, laid foundation for, or even testified about Exhibit 84 at their respective depositions. Thus, there is no way for Plaintiffs to authenticate or lay foundation for the admissibility of Exhibit 84.

The same is true for the July 15, 2018 email portion of Exhibit 107. Plaintiffs identify Larry Darrow and Suzanne Leopoldi-Nichols as "may call"[1] on their pretrial disclosures, and Plaintiffs only designated portions of Ms. Leopoldi-Nichols's deposition testimony. Ms. Leopoldi-Nichols did not testify regarding Exhibit 107 at her deposition.

In sum, no person who wrote or received the emails at issue in Exhibits 84 and 107 will be called as a witness at trial, either live or through a deposition that discusses these exhibits. Plaintiffs

[1] Plaintiffs did not disclose Scott Price on their pretrial disclosures in *any* fashion. See **Exhibit C**.

therefore cannot authenticate these documents or, more importantly lay the foundation required by the Federal Rules of Evidence to admit them into evidence. There will be no witness with personal knowledge to testify about the context or meaning of the emails and therefore the jury will be left to speculate about their relevance and materiality to the issues in disputed. Plaintiffs' prior use of these exhibits in the summary-judgment record—submitted through counsel's declaration—does not satisfy trial admissibility requirements. Therefore, the Court should exclude from trial admission or argument about Exhibits 84 and 107.

## II. ARGUMENT

### A. Exhibits 84 and 107 Cannot Be Authenticated Without a Sponsoring Witness.

Federal Rule of Evidence 901(a) requires the proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." The most common method of authentication is testimony from a witness with personal knowledge that the item is what it purports to be. *See* Fed. R. Evid. 901(b)(1); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Here, no person associated with Exhibits 84 and 107, neither the authors nor the recipients of the emails, nor anyone with context or understanding of the intent and meaning of the emails, will testify in Plaintiffs' case at trial. Such testimony is critical in this case not only because the allegedly retaliatory statements were made in June-July 2018 and the alleged culmination of retaliation—Adetula being laid off in a facility closure—did not occur until nearly two years later in 2020. To connect the 2018 email statements to the 2020 layoffs needs some personal knowledge to connect the dots of retaliation as Adetula now claims. Further, the statements themselves—"I

do want to make sure we are following the progressive disciplinary path" and "[u]nless I read this wrongly, legal needs to support a plan to terminate this person"—require a person with knowledge to say so before they reasonably can be construed as retaliation in response to complaints of discrimination. The intent behind or meaning of these statements cannot simply be construed to satisfy the elements of retaliation without clarification from the author or recipients. Context matters, and without a witness with personal knowledge to provide it, Plaintiffs cannot satisfy Rule 901(a)'s or 602's threshold foundational requirement and the jury will be left with only speculation about Plaintiffs' claimed meaning of these statements.

Allowing such evidence to go before the jury would result in undue prejudice to Defendants. *See* Fed. R. Evid. 403; *see also Aghaeepour v. N. Leasing Sys.*, 2024 WL 2700564 (S.D.N.Y. May 24, 2024) (excluding email chain where no witness could authenticate); *see also Boyd v. Toyobo Am., Inc. (In re Second Chance Body Armor, Inc.)*, 434 B.R. 502, 505 (Bankr. W.D. Mich. 2010) (rescinding the provisional admission of a document because it was "neither self-authenticating, authenticated by a witness with knowledge, nor authenticated through any other permissible means"). The Court should therefore exclude Exhibits 84 and 107.

## III. CONCLUSION

Based on the foregoing, the Court should grant the Motion and exclude Exhibits 84 and 107 from evidence at trial.

DATED this 31st day of August, 2026.

SNELL & WILMER L.L.P.

*/s/ Ryan S. Alba*

Matthew L. Lalli
Jennifer R. Yee
Ryan S. Alba

*Attorneys for Defendants United Parcel Service, Inc. and United Parcel Service General Services Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBITS 84 AND 107** with the Clerk of Court for the U.S. District Court, District of Utah by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: August 31, 2026.

*/s/ Ryan S. Alba*