Matthew L. Lalli (6105)
Ryan S. Alba (17557)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1547
Telephone: 801.257.1900
Facsimile: 801.257.1800
mlalli@swlaw.com
ralba@swlaw.com

Jennifer R. Yee (*Pro hac vice)*
**SNELL & WILMER L.L.P.**
One East Washington Street #2700
Phoenix, AZ 85004
Telephone: (602) 382-6565
jryee@swlaw.com

*Attorneys for Defendants United Parcel Service, Inc. and United Parcel Service General Services Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ADEMOLA ADETULA;<br>HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00612-HCN-DAO<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT B TO MOTION IN LIMINE NO. 6 REGARDING PLAINTIFFS' PROPOSED TRIAL EXHIBITS 84 AND 107**<br><br>Honorable Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |
| ADEMOLA ADETULA;<br>HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>vs. | ***Consolidate With***<br><br>Case No. 2:20-cv-0822-HCN-DAO |

UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,

Defendants.

Pursuant to DUCivR 5-3, Defendants United Parcel Service, Inc. and United Parcel Service General Services Co. (collectively, "**UPS**" or "**Defendants**"), through counsel, respectfully move the Court for leave to file under seal Exhibit B ("**Proposed Sealed Exhibit B**") to Defendants' Motion in Limine No. 6 ("**Motion**"). Exhibit B consists of an email exchange among then-UPS executives Larry Darrow, Scott Price, and Suzanne Leopoldi-Nichols on July 15, 2018. The original exhibit, Exhibit 16, attaches a collection of other documents including organizational charts, a news article, a photograph, and profiles of Supervisors. Substantial portions are designated CONFIDENTIAL and were filed under seal, as shown by the placeholder page with the following disclaimer: "Redacted Version Sealed Exhibit 16." *See* Plaintiff's Proposed Sealed Exhibit B. Defendants therefore request leave to file Proposed Sealed Exhibit B under seal.

## I. SUMMARY AND RELIEF SOUGHT

Defendants seek only to seal Proposed Sealed Exhibit B. The emails, as well as the other information they contain, have been marked "Confidential" under the protective order. Sealing Proposed Sealed Exhibit B will preserve the protective order's confidentiality treatment of the underlying recordings, without seeking to seal any other portion of Defendants'' motion or the record.

## II. ARGUMENT

The "long recognized [] common-law right of access to judicial records . . . is not absolute." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). The right of access is limited by the "court[']s . . . supervisory powers over

their own records and files." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Accordingly, "[i]t is beyond question" that the Court "has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (citation omitted). The court may exercise its discretion to seal documents when "the public's right of access is outweighed by competing interests." *Hickey*, 767 F.2d at 708 (citation omitted). Further, in this court, a "judge may order that a [d]ocument be sealed" upon a showing of "good cause." DUCivR 5-3(a)(1). Good cause to seal a record may be shown by demonstrating that the record may serve as a "source[] of business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]").

Here, good cause exists here because Proposed Sealed Exhibit B discloses the contents of internal email communications not only pertaining to Plaintiffs, but of Defendants' internal affairs. Hence, why Defendants produced and designated "Confidential" under the protective order. Proposed Sealed Exhibit B preserves the confidentiality treatment Defendants applied to the underlying emails, as well as the sensitive information they contain. Defendants' request is narrowly tailored under DUCivR 5-3(b)(2): Defendants seek to seal only Proposed Sealed Exhibit B, and do not seek to seal the underlying Motion or any other filing.

## III. CONCLUSION

For the foregoing reasons, UPS respectfully requests that the Court grant this Motion and order Proposed Sealed Exhibit B to be filed under seal.

DATED this 31st day of August, 2026.

SNELL & WILMER L.L.P.

*/s/ Ryan S. Alba*
Matthew L. Lalli
Ryan S. Alba
Jennifer R. Yee

*Attorneys for Defendants United Parcel Service, Inc. and United Parcel Service General Services Co.*