Matthew L. Lalli (6105)
Ryan S. Alba (17557)
**SNELL & WILMER L.L.P.**
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1547
Telephone: 801.257.1900
Facsimile: 801.257.1800
mlalli@swlaw.com
ralba@swlaw.com

Jennifer R. Yee (*Pro hac vice)*
**SNELL & WILMER L.L.P.**
One East Washington Street #2700
Phoenix, AZ 85004
Telephone: (602) 382-6565
jryee@swlaw.com

*Attorneys for Defendants United Parcel Service, Inc.
and United Parcel Service General Services Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ADEMOLA ADETULA;<br>HOMER STRICKLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00612-HCN-DAO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #1 TO EXCLUDE ANY ACTIONS, INCLUDING OF ANY RULINGS OR DISMISSALS, OF THE EEOC OF THIS COURT ON ANY OF PLAINTIFFS' COMPLAINTS, CLAIMS, OR CAUSES OF ACTION DISMISSED**<br><br>Honorable Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |
| ADEMOLA ADETULA;<br>HOMER STRICKLAND, | ***Consolidate With***<br><br>Case No. 2:20-cv-0822-HCN-DAO |

| | |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; DOES 1 through 50, inclusive,<br><br>Defendants. | |

Pursuant to DUCivR 7-1, Defendants United Parcel Service, Inc. and United Parcel Service General Services Co. ("**UPS**" or "**Defendants**"), through their undersigned counsel, respectfully submit this opposition to Plaintiffs Ademola Adetula and Homer Strickland's ("**Plaintiffs**") *Motion in Limine #1 to Exclude Any Actions, including of any Rulings or Dismissals, of the EEOC or of This Court of any of Plaintiffs' Complaints, Claims, or Causes of Action Dismissed* [Dkt. 406] (the "**Motion**").

## SUMMARY

In the Motion, Plaintiffs ask the Court to preclude Defendants from "making any reference to or the introduction of any rulings or dismissals of any charges of discrimination, investigations, or findings on any of Plaintiffs' complaints, claims or causes of action, including any no cause findings, dismissals of same, or summary judgment, by any governmental agency including the U.S. Equal Opportunity Commission ('EEOC') or by this Court." [Dkt. 406 at 2.] Despite listing all of their EEOC charges and their federal court Complaint as trial exhibits [*See* Dkt. 397 at pp. 36-39, 42-43], Plaintiffs now seek to exclude all "rulings, investigations, findings, [and] dismissals of Plaintiffs' Charges of Discrimination." [*Id.*] Plaintiffs similarly seek to exclude all evidence of "[t]his Court's rulings, findings, [and] dismissals of any of Plaintiffs' Claims or Causes of Action"

[*Id*. at 3], even though the Court has dismissed all of Plaintiffs' causes of action except retaliation and disparate impact.

Plaintiffs seek to discuss and admit at trial their abundant complaints of race, color, national origin, and age-based discrimination — all while barring Defendants from discussing the outcome of such claims. Plaintiffs' request is extremely problematic and will result in unfair prejudice to Defendants. If granted, the Motion would allow Plaintiffs to unduly influence the jury by introducing evidence of discrimination complaints without any indication of how such complaints were resolved, or explanation about why the jury is not rendering a verdict on such claims. The Court should therefore deny the Motion.

**ARGUMENT**

The EEOC's "no cause" determinations and this Court's prior rulings are directly relevant and should not be excluded *in limine* for multiple reasons. First, the EEOC's findings and this Court's rulings are highly probative, and necessary to provide context and prevent juror confusion. Plaintiffs listed their numerous EEOC charges, federal court Complaint, and other written discrimination complaint emails as trial exhibits,[1] which demonstrates that they intend to rely on this evidence at trial. If Plaintiffs are permitted to testify about their numerous discrimination complaints without permitting Defendants to refer to any evidence of how those complaints were resolved, the jury will be left with the false impression that the complaints had merit, and that Defendants simply ignored legitimate grievances. That would serve no other purpose than to paint Defendants as a "bad actor." This would be misleading and highly prejudicial. If Plaintiffs' EEOC Charges and other discrimination complaints are deemed admissible, or are referred to by

[1] *See, e.g,* Plaintiffs' Trial Exhibit Nos. 15-48. Dkt. 397 at pp. 36-43.

witnesses at trial, the jury is entitled to understand the whole story—that independent bodies and the Court evaluated these discrimination complaints and concluded they were not actionable. *See* Fed. R. Evid. 403 (evidence may be excluded only if its probative value is *substantially* outweighed by prejudice); Fed. R. Evid. 106 (rule of completeness). Indeed, by listing their EEOC charges, federal court Complaint, and other discrimination complaints as trial exhibits, Plaintiffs have opened the door to discussion of the resolutions of such complaints. In sum, (a) the probative value of this evidence is high because the findings directly rebut Plaintiffs' narrative of pervasive, unaddressed discrimination, and (b) the "prejudice" to Plaintiffs is not *unfair* prejudice — it is the natural consequence of accurate evidence.

Second, EEOC "no cause" findings can be admissible. *See* Fed. R. Evid. 803(8) (hearsay exception allowing factual findings from legally authorized agency investigations in civil cases, provided they are trustworthy). While it is true that "[t]rial courts have discretion in deciding whether to admit EEOC determinations into evidence and refer to them in their findings," *Nulf v. Int'l Paper Co.*, 656 F.2d 553, 563 (10th Cir. 1981), courts do admit EEOC determinations into evidence. *See e.g.*, *id*. (holding that the court did not abuse its discretion by admitting EEOC determinations into evidence); *see also Barfield v. Orange Cnty.*, 911 F.2d 644, 651 (11th Cir. 1990) (holding that a trial court did not abuse its discretion in admitting an EEOC report into evidence in a jury trial case). Therefore, excluding such resolution evidence entirely, as Plaintiffs request, would deprive Defendants of critical, probative evidence and would leave the jury to speculate about what the EEOC did with Plaintiffs' numerous EEOC complaints.

Third and finally, the Court's prior rulings dismissing Plaintiffs' discrimination claims are part of the record in this case and are properly before the jury for context; any risk of confusion

can be cured by a limiting instruction explaining the Court's role. The jury will inevitably wonder why only certain claims are being addressed at this trial. An accurate and neutral explanation of the Court's prior rulings dismissing the discrimination claims is necessary and can be accomplished through an appropriate jury instruction, such as Defendants' Proposed Jury Instructions No. 25 [*see* Dkt. 402 at 136]:

**PROPOSED JURY INSTRUCTION NO. 25**

**Prior Court Rulings**

> Before this trial began, the Court granted summary judgment in favor of UPS on several of Plaintiffs' claims. Summary judgment means the Court reviewed all the evidence and decided these issues as a matter of law, without a jury trial. You must accept these rulings.
>
> The Court ruled that UPS did not intentionally discriminate against Plaintiffs. Specifically, the Court determined:
>
> - UPS did not discriminate against Plaintiffs because of their race, color, or national origin;
> - UPS did not discriminate against Plaintiffs because of their age;
> - UPS did not interfere with Plaintiffs' right to take medical leave;
> - UPS did not subject Plaintiffs to a hostile work environment; and
> - UPS did not subject Plaintiffs to intentional infliction of emotional distress.
> - The Court also ruled that punitive damages are not available under the Age Discrimination in Employment Act (ADEA) or the Family and Medical Leave Act (FMLA) as a matter of law.
>
> Because the Court already ruled that intentional discrimination did not occur, the only question for you to decide is whether UPS retaliated against Plaintiffs for complaining about what they believed to be discrimination, or engaging in other protected activity. A person can complain about discrimination even if no discrimination actually occurred, and it is unlawful to punish someone for making such a complaint.
>
> Specifically, you will decide:
>
> - Whether UPS retaliated against Plaintiffs for complaining about discrimination or engaging in other protected activity, under Title VII, Section 1981, the

FMLA, and the ADEA;

- If you find UPS liable for retaliation under Title VII or Section 1981, whether Plaintiffs are entitled to back pay, or compensatory or punitive damages; and
- If you find UPS liable for retaliation under the ADEA or FMLA, whether Plaintiffs are entitled to back pay, or liquidated damages.

***References***
MUJI 2d CV125.
Dkt. 354.

The foregoing proposed instruction provides a neutral, factual explanation that certain claims were resolved before trial without inviting the jury to draw adverse inferences. The Court can modify the instruction to address any specific concerns the Court may have.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion in its entirety.

DATED this 14th day of September, 2026.

SNELL & WILMER L.L.P.

*/s/ Ryan S. Alba*
Matthew L. Lalli
Ryan S. Alba
Jennifer R. Yee

*Attorneys for Defendants United Parcel Service, Inc. and United Parcel Service General Services Co.*